SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Abigail E. Davis
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

-and-

Jason M. Liberi (admitted *pro hac vice*)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Fax: (302) 651-3001

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| **ENDO INTERNATIONAL plc**, *et al.*, | Case No. 22-22549 (JLG) |
| **Debtors.**[1] | **(Jointly Administered)** |
| **ENDO INTERNATIONAL plc**, *et al.*, | Adv. Proc. No. [  ]-[  ] (  ) |
| **Plaintiffs,** | |
| **-against-** | |
| **Commonwealth of Kentucky; State of Delaware; State of Georgia; State of Hawaii; State of Idaho; State of Illinois; State of Mississippi; State of Missouri; State of Nevada; State of New Mexico; State of Ohio; State of Oregon; State of South Dakota; State of Tennessee; State of West Virginia; Commonwealth of Kentucky, ex** | |

---

[1] The last four digits of Debtor Endo International plc's tax identification number are 3755. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/endo/. The location of the Debtors' service address for purposes of these chapter 11 cases is: 1400 Atwater Drive, Malvern, PA 19355.

rel., Andy Beshear, Attorney General; Commonwealth of Pennsylvania, Acting By and Through Deborah S. Ryan, The District Attorney of Chester County; Commonwealth of Pennsylvania, Acting by and through Francis T. Chardo, the District Attorney of Dauphin County; Commonwealth of Pennsylvania, Acting by and through Jack Daneri, the District Attorney of Erie County, Pennsylvania; Commonwealth of Pennsylvania, Acting by and through Jack Stollsteimer, The District Attorney of Delaware County; Commonwealth of Pennsylvania, Acting by and Through John T. Adams, the District Attorney of Berks County; Commonwealth of Pennsylvania, Acting By and Through John W. Peck, The District Attorney of Westmoreland County; Commonwealth of Pennsylvania, Acting by and through Matthew D. Weintraub, the District Attorney of Bucks County; Commonwealth of Pennsylvania, acting by and through Philadelphia District Attorney Lawrence S. Krasner, Office of the District Attorney; Commonwealth of Pennsylvania, Acting By and Through Stephen A. Zappala, Jr., Allegheny County District Attorney's Office; Commonwealth of Pennsylvania, Acting By and Through Terence P. Houck, the District Attorney of Northampton County; The People of The State of California, acting by and through Interim Eureka City Attorney, Robert Norris Black; The People of the State of California, acting by and through Santa Clara County Counsel James R. Williams, Orange County District Attorney Tony Rackaukas, Los Angeles County Counsel Mary C. Wickham, and Oakland City Attorney Barbara J. Parker; The People of the State of California, acting by and through the City of Chico; The People of the State of California, acting by and through the City of Clearlake; The People of the State of California, acting by and through the City of Lakeport; The People of the State of California, acting by and through the City of Sacramento City Attorney Susana Alcala Wood; The People of the State of California, acting by and through the City of San Jose; The People of the State of California, acting by and through the County of Amador; The People of the State of California, acting by and through the County of Butte; The People of The State of California, acting by and through the County of Calavares; The People of the State of California, acting by and through the County of Contra Costa; The People of the State of California, acting by and through the County of Del Norte, California; The People of the State of California, acting by and through the County of El Dorado; The People of the State of California, acting by and through the

County of Fresno; The People of the State of California, acting by and through the County of Glenn; The People of the State of California, acting by and through the County of Imperial; The People of the State of California, acting by and through the County of Inyo; The People of the State of California, acting by and through the County of Lassen; The People of the State of California, acting by and through the County of Madera; The People of the State of California, acting by and through the County of Mariposa; The People of the State of California, acting by and through the County of Mendocino; The People of the State of California, acting by and through the County of Merced; The People of the State of California, acting by and through the County of Modoc; The People of the State of California, acting by and through the County of Mono; The People of the State of California, acting by and through the County of Monterey, California; The People of the State of California, acting by and through the County of Nevada, California; The People of the State of California, acting by and through the County of Placer; The People of the State of California, acting by and through the County of Plumas; The People of the State of California, acting by and through the County of Riverside; The People of the State of California, acting by and through the County of Sacramento; The People of the State of California, acting by and through the County of San Benito; The People of the State of California, acting by and through the County of San Bernardino; The People of the State of California, acting by and through the County of San Diego; The People of the State of California, acting by and through the County of Shasta; The People of the State of California, acting by and through the County of Siskiyou, California; The People of the State of California, acting by and through the County of Sutter; The People of the State of California, acting by and through the County of Tehama; The People of the State of California, acting by and through the County of Trinity, California; The People of the State of California, acting by and through the County of Tuolumne, California; The People of the State of California, acting by and through the County of Yuba; The People of the State of California, acting by and through the Yolo County Counsel; The People of the State of California, by and through Dublin City Attorney John Bakker and Murrieta City Attorney Leslie Devaney; The People of the State of Illinois; The People of the State of Illinois, The People of Christian County, and County of Christian; The People of the State of Illinois, The People of Jefferson County, and

County of Jefferson, Illinois; Acadia-St. Landry Hospital Service District d/b/a Acadia-St. Landry Hospital; Accomack County, Virginia; Ada County; Adair County; Adair County, Iowa; Adams County; Adams County Board of County Commissioners; Adams County, Idaho; Adams County, Mississippi; Adams County, Wisconsin; Aiken County; Akiak Native Community; Alamance County; Alamosa County, Colorado; Aleutian Pribilof Islands Association, Inc.; Alexander County; Allamakee County, Iowa; Allegany County, Maryland; Allegany County, New York; Alleghany County; Alleghany County, Virginia; Allen County Board of County Commissioners; Allen Parish Law Enforcement District; Amherst County, Virginia; Amite County, Mississippi; Anderson County; Andrea Purvis, Dickinson County Attorney; Andrew County; Androscoggin County, State of Maine; Andy Brown, in his capacity as the Sheriff for Jackson Parish, Louisiana; Anne Arundel County, Maryland; Anson County; Apache Tribe of Oklahoma, Oklahoma; Appanoose County; Appling County, Georgia; Appling County, Mark Melton in His Official Capacity as the Sheriff, Georgia; Aroostook Band of Micmacs, Maine; Aroostook County, State of Maine; Artic Slope Native Association; Asa'carsarmiut Tribe (a/k/a Native Village of Mountain Village); Ascension Parish Government, Louisiana; Ascension Parish School Board; Ashe County; Ashland County; Ashland County Board of County Commissioners; Assumption Parish Police Jury; Atchison County, Missouri; Athens County Board of Commissioners; Atkinson County, Georgia; Atlantic County, New Jersey; Attala County, Mississippi; Audrain County, Missouri; Audubon County; Auglaize County Board of County Commissioners; Augusta, Georgia; Avoyelles Parish Police Jury, Louisiana; Bacon County, Georgia; Bad River Band of Lake Superior Chippewa; Baltimore City Board of School Commissioners; Baltimore County, Maryland; Banks County, Georgia; Bannock County, Idaho; Barnes County; Barron County; Barry County; Barry Staubus, in his official capacity as the District Attorney General for the Second Judicial District and on behalf of all political subdivisions therein, including Sullivan County, City of Bluff, City of Bristol, City of Kingsport; Barton County, Missouri; Bartow County, Georgia; Battle Mountain Band of the Te-Moak Tribe of Western Shoshone Indians, Nevada; Bay Mills Indian Community, Michigan; Bayfield County; Board of County Commissioners County of Curry, New Mexico; Bear River Band of Rohnerville Rancheria; Beaufort

4

County; Beauregard Parish Police Jury, Louisiana;
Beaver County, Utah; Bedford County; Belknap
County, New Hampshire; Bellmore Fire District, New
York; Belmont County Board of County
Commissioners; Beltrami County, Minnesota; Ben Hill
County, Georgia; Benson County; Benton County;
Benton County, Indiana; Benton County, Mississippi;
Benton Fire Protection District No. 4, Louisiana;
Bergen County, New Jersey; Berkeley County Council;
Berkeley County, South Carolina; Berlin, New
Hampshire; Berrien County, Georgia; Bertie County;
Bibb County School District; Big Sandy Rancheria of
Western Mono Indians; Big Stone County; Big Valley
Band of Pomo Indians of the Big Valley Rancheria;
Bingham County; Black Hawk County; Blackford
County, Indiana; Bladen County; Blaine County; Bland
County, Virginia; Bledsoe County; Blount County,
Tennessee; Board of Commissioners of Cherokee
County, Kansas; Board of Commissioners of Cowley
County, Kansas; Board of Commissioners of Fulton
County, Ohio; Board of Commissioners of Leavenworth
County, Kansas; Board of Commissioners of Lucas
County, Ohio; Board of Commissioners of Pratt
County, Kansas; Board of Commissioners of Sedgwick
County, KS; Board of County Commissioners of
Muskogee County; Board of County Commissioners for
Allen County, Kansas; Board of County Commissioners
for Grant County, Kansas; Board of County
Commissioners for Greenwood County, Kansas; Board
of County Commissioners for Morton County, and Eric
Witcher, Morton County Attorney, Kansas; Board of
County Commissioners for San Miguel County, New
Mexico; Board of County Commissioners for Seward
County, Kansas; Board of County Commissioners
Meade County, and Laura Lewis, Meade County
Attorney, Kansas; Board of County Commissioners of
Atoka County; Board of County Commissioners of
Barber County, Kansas; Board of County
Commissioners of Beckham County; Board of County
Commissioners of Caddo County; Board of County
Commissioners of Choctaw County, State of Oklahoma;
Board of County Commissioners of Cimarron County;
Board of County Commissioners of Cleveland County,
State of Oklahoma; Board of County Commissioners of
Coal County; Board of County Commissioners of
Comanche County; Board of County Commissioners of
Custer County; Board of County Commissioners of
Dewey County; Board of County Commissioners of
Finney County, Kansas and Thomas Burgardt, Finney
County Counselor; Board of County Commissioners of
Grady County, Oklahoma; Board of County

5

Commissioners of Greer County, Oklahoma; Board of
County Commissioners of Harmon County; Board of
County Commissioners of Harper County; Board of
County Commissioners of Haskell County, Oklahoma;
Board of County Commissioners of Hughes County;
Board of County Commissioners of Jefferson County,
Oklahoma; Board of County Commissioners of
Johnston County, Illinois; Board of County
Commissioners of Kay County, Oklahoma; Board of
County Commissioners of Kiowa County; Board of
County Commissioners of Latimer County; Board of
County Commissioners of Le Flore County; Board of
County Commissioners of Lincoln County; Board of
County Commissioners of Logan County; Board of
County Commissioners of Love County; Board of
County Commissioners of Major County; Board of
County Commissioners of McCurtain County; Board of
County Commissioners of Noble County; Board of
County Commissioners of Okfuskee County,
Oklahoma; Board of County Commissioners of
Oklahoma County; Board of County Commissioners of
Osage County, State of Oklahoma; Board of County
Commissioners of Pittsburg County; Board of County
Commissioners of Pottawatomie County; Board of
County Commissioners of Roger Mills County; Board
of County Commissioners of Seminole County, State of
Oklahoma; Board of County Commissioners of
Stephens County; Board of County Commissioners of
Texas County, Oklahoma; Board of County
Commissioners of the County of Adams, Colorado;
Board of County Commissioners of The County of
Arapahoe; Board of County Commissioners of the
County of Bernalillo, New Mexico; Board of County
Commissioners of the County of Boulder; Board of
County Commissioners of the County of Catron, New
Mexico; Board of County Commissioners of the County
of Cibola, New Mexico; Board of County
Commissioners of the County of Colfax; Board of
County Commissioners of the County of Dona Ana,
New Mexico; Board of County Commissioners of the
County of Fremont; Board of County Commissioners of
the County of Hidalgo, New Mexico; Board of County
Commissioners of the County of Jefferson, Colorado;
Board of County Commissioners of the County of
Larimer; Board of County Commissioners of the
County of Lea, New Mexico; Board of County
Commissioners of the County of Lincoln, New Mexico;
Board of County Commissioners of The County of
Luna; Board of County Commissioners of the County
of McKinley, New Mexico; Board of County
Commissioners of the County of Mesa, Colorado;

6

**Board of County Commissioners of the County of Otero, New Mexico; Board of County Commissioners of the County of Santa Fe, New Mexico; Board of County Commissioners of the County of Shawnee, State of Kansas; Board of County Commissioners of the County of Sierra, New Mexico; Board of County Commissioners of the County of Socorro, New Mexico; Board of County Commissioners of the County of Taos, New Mexico; Board of County Commissioners of the County of Teller; Board of County Commissioners of the County of Torrance; Board of County Commissioners of The County of Tulsa, State of Oklahoma; Board of County Commissioners of The County of Union; Board of County Commissioners of the County of Valencia, New Mexico; Board of County Commissioners of Tillman County; Board of County Commissioners of Washington County, Maryland; Board of County Commissioners of Woods County, Oklahoma; Board of County Commissioners of Woodward County; Board of County Counselors for Dickinson County, Kansas; Board of County Counselors for Elk County, Kansas; Board of Education of Bangor School Department; Board of Education of Boardman Local Schools; Board of Education of Breathitt County Public Schools; Board of Education of Bullitt County Public Schools; Board of Education of Cape Elizabeth School Department; Board of Education of East Aurora, School District 131; Board of Education of Estill County Public Schools; Board of Education of Fayette County Public Schools; Board of Education of Goshen School District; Board of Education of Harrison County Public Schools; Board of Education of Hart County Public Schools; Board of Education of Jefferson County Public Schools; Board of Education of Johnson County Public School District; Board of Education of Joliet Township High School, District 86; Board of Education of Kearsarge RSU-School Administrative Unit 65; Board of Education of LaRue County Public Schools; Board of Education of Lawrence County Public Schools; Board of Education of Lebanon School District; Board of Education of Liberty Local Schools, Individually, and on Behalf of All Others Similarly Situated; Board of Education of Maine Regional School Unit 10; Board of Education of Maine RSU 13; Board of Education of Maine RSU 25; Board of Education of Maine RSU 26; Board of Education of Maine RSU 29; Board of Education of Maine RSU 34; Board of Education of Maine RSU 40; Board of Education of Maine RSU 50; Board of Education of Maine RSU 57; Board of Education of Maine RSU 60; Board of Education of Maine RSU 71;**

Board of Education of Maine RSU 9; Board of
Education of Maine SAD 15; Board of Education of
Maine SAD 28/Five Town Central School District;
Board of Education of Maine SAD 35; Board of
Education of Maine SAD 44; Board of Education of
Maine SAD 53; Board of Education of Maine SAD 55;
Board of Education of Maine SAD 6; Board of
Education of Maine SAD 61; Board of Education of
Maine SAD 72; Board of Education of Maine School
Administrative District 11; Board of Education of
Martin County Public Schools; Board of Education of
Mason County Public Schools; Board of Education of
Menifee County Public Schools; Board of Education of
Minnetonka Public School District; Board of Education
of Owsley County Public Schools; Board of Education
of Pittsfield School District; Board of Education of
Portland School Department; Board of Education of
Rochester Public School District; Board of Education of
Scarborough School Department; Board of Education
of South Portland School Department; Board of
Education of Tamworth School District; Board of
Education of the City of Chicago, School District No.
299 (IL); Board of Education of the Pleasant Valley
School District; Board of Education of Thornton
Fractional Township High Schools, District of 215;
Board of Education of Thornton Township High
Schools, District 205; Board of Education of Waterville
School Department; Board of Education of Wolfe
County Public Schools; Board of Miami County
Commissioners, on behalf of Miami County, Ohio;
Board of St. George Municipal School District; Board
of Supervisors for Louisiana State University and
Agricultural and Mechanical College; Board of
Supervisors of Prince William County, Virginia; Bobby
Guidroz, Duly Elected Sheriff of St. Landry Parish,
Louisiana, In His Capacity as Officer Ex Officio of the
St. Landry Parish Sheriff's Office and the St. Landry
Parish Law Enforcement District; Boise County;
Bolivar County, Mississippi; Bonneville County; Boone
County; Boone County Commission; Boone County,
Missouri; Borough of Edwardsville, Pennsylvania;
Borough of Exeter, Pennsylvania; Borough of
Naugatuck; Borough of Paramus, New Jersey; Bossier
City; Bossier Parish; Bossier Parish Emergency
Medical Services Ambulance District, Louisiana;
Boston Township; Botetourt County, Virginia; Bourbon
County, Kansas; Bradley County; Branch County,
Michigan; Brantley County, Georgia; Braxton County
Commission, West Virginia; Breckinridge County
Fiscal Court, on Behalf of Breckinridge County;
Bremer County; Brent A. Cooper, in his official

capacity as the District Attorney General for the
Twenty-Second Judicial District, TN and on behalf of
all political subdivisions therein, including Giles
County, City of Elkton, Town of Lynnville, City of
Minor Hill, City of Pulaski, Lawrence County, Town of
Ethridge, City of Iron City, City of Lawrenceburg, City
of Loretto, City of St. Joseph, Maury County, City of
Columbia, City of Mount Pleasant, City of Spring Hill,
Wayne County, City of Clifton, City of Collinwood, City
of Waynesboro; Bristol Township, Pennsylvania;
Brooke County Commission; Brooks County, Georgia;
Brown County; Brown County Board of County
Commissioners; Brunswick County; Buchanan County;
Buchanan County, Virginia, a political subdivision of
the Commonwealth; Bucks County; Bucks County,
Pennsylvania; Buena Vista County; Buffalo County;
Bullhead City, Arizona; Bulloch County, Georgia;
Buncombe County; Bureau County; Burke County;
Burke County, Georgia; Burleigh County; Burnett
County; Butler County; Butler County Board of
Commissioners; Butts County, Georgia (OH); Cabarrus
County; Cabell County Commission; Cache County,
Utah; Caddo Fire Protection District No. 1, Louisiana;
Caddo Parish, Louisiana; Cahto Indian Tribe of the
Laytonville Rancheria, California; Calcasieu Parish
Police Jury, Louisiana; Caldwell County; Caldwell
Parish, Louisiana; Calhoun County Commission, West
Virginia; Calhoun County, Iowa; Calhoun County,
Michigan; Calhoun County, South Carolina; Callaway
County, Missouri; Calumet County; Camas County,
Idaho; Cambria County; Camden County; Camden
County, Missouri; Camden County, New Jersey;
Camden County, Georgia; Cameron Parish, Louisiana;
Campbell County, Tennessee; Candler County,
Georgia; Cannon County, Tennessee; Canyon County,
Idaho; Cape Girardeau County; Cape May County,
New Jersey; Carbon County, Utah; Caribou County;
Carlton County, Minnesota; Caroline County,
Maryland; Carroll County; Carroll County Board of
County Commissioners; Carroll County, Georgia;
Carroll County, Mississippi; Carroll County, New
Hampshire; Carroll County, Virginia; Carson City;
Carteret County; Carver County, Minnesota; Cass
County, Missouri; Cass County, North Dakota; Cassia
County; Caswell County; Catahoula Parish Police Jury,
Louisiana; Catawba County, North Carolina; Catoosa
County, Georgia; Cayuga Nation; Cecil County,
Maryland; Cedar County; Centereach Fire District,
New York; Centerport Fire District, New York; Central
Dispatch of West Franklin County, Illinois; Cerro
Gordo County; Chaffee County, Colorado; Champaign

County; Champaign County Board of County
Commissioners; Chariton County, Missouri;
Charleston County, South Carolina; Charlotte County,
Virginia; Charlton County, Georgia; Charme Allen, in
her official capacity as the District Attorney General for
the Sixth Judicial District and on behalf of all political
subdivisions therein, including, Knox County, City of
Knoxville; Charter Township of Canton; Charter
Township of Clinton, Michigan; Charter Township of
Harrison, MI; Charter Township of Huron, Michigan;
Charter Township of Northville; Charter Township of
Pittsfield, Michigan; Charter Township of Van Buren;
Chatham County, Georgia; Chatham County, North
Carolina; Chatooga County, Georgia; Chelan County,
Washington; Cher-Ae Heights Indian Community of
the Trinidad Rancheria; Cherokee County; Cherokee
County, Georgia; Cheshire County, New Hampshire;
Chester County, Pennsylvania, Individually and on
Behalf of All Others Similarly Situated; Chester
County, South Carolina; Chesterfield County, Virginia;
Cheyenne & Arapaho Tribes, Oklahoma; Cheyenne
River Sioux Tribe, South Dakota; Chickasaw County;
Chickasaw County, Mississippi; Chickasaw Nation;
Chippewa County; Chippewa Cree Tribe of the Rocky
Boy's Reservation, Montana; Chitimacha Tribe of
Louisiana; Choctaw Nation; Chowan County, North
Carolina; Christian County; Chugachmiut, Inc.;
Churchill County; Citizen Potawatomi Nation; Citizens
Memorial Hospital District d/b/a Citizens Memorial
Hospital; City of Fredericksburg, Virginia; City and
County of Broomfield; City and County of Denver; City
and County of San Francisco, California and The
People of the State of California, acting by and through
San Francisco City Attorney Dennis J. Herrera; City of
Aberdeen, Maryland; City of Ada, Oklahoma; City of
Adel, Georgia; City of Alamogordo, New Mexico; City
of Alamosa, Colorado; City of Albany, Georgia; City of
Albany, New York; City of Albuquerque; City of
Alexandria; City of Alexandria, Louisiana; City of
Alexandria, Virginia; City of Algood; City of
Aliquippa; City of Allentown, Pennsylvania; City of
Alliance, Ohio; City of Alma; City of Alma, Georgia;
City of Altus; City of Amesbury; City of Amory,
Mississippi; City of Amsterdam, New York; City of
Anacortes; City of Anadarko; City of Anaheim; City of
Anna; City of Annapolis, Maryland, A Municipal
Corporation and Public; City of Ansonia; City of
Ashland, Ohio; City of Auburn, a municipality in
Androscoggin County, State of Maine; City of Auburn,
New York; City of Augusta, a municipality in Kennebec
County, State of Maine; City of Aurora; City of Aurora,

Ohio; City of Austin, Indiana; City of Bainbridge Island; City of Bainbridge, Georgia; City of Bangor, a municipality in Penobscot County, State of Maine; City of Bastrop, Louisiana; City of Baton Rouge, Parish of East Baton Rouge, Louisiana; City of Bayonne (NJ); City of Bayonne, New Jersey; City of Beckley, West Virginia; City of Beech Grove, Indiana; City of Bel Air, Maryland; City of Bellefonte, Kentucky; City of Belmont; City of Benham, Kentucky; City of Benton; City of Berlin, Maryland; City of Berwyn; City of Bethany; City of Beverly; City of Biddeford, a municipality in York County, State of Maine; City of Bismarck; City of Black Hawk; City of Blackshear, GA; City of Blackshear, Georgia; City of Bloomington; City of Bluefield, West Virginia; City of Bogalusa, Louisiana; City of Boise, Idaho; City of Boulder (NV); City of Bowie, Maryland; City of Bridgeport, Connecticut; City of Brighton, Colorado; City of Bristol; City of Bristol, Virginia; City of Brockton; City of Broken Arrow; City of Brookhaven, Mississippi; City of Brunswick, Georgia; City of Buckhorn, Kentucky; City of Buena Vista, Virginia; City of Buffalo, New York; City of Burbank, Illinois; City of Burlington; City of Burns Flat, Oklahoma; City of Calais, Maine; City of Cambridge, Maryland; City of Cambridge, Massachusetts; City of Campbellsville; City of Canton, North Carolina; City of Canton, Ohio; City of Carbondale, Illinois; City of Cartersville, a municipal corporation, and all others similarly situated; City of Casper, Wyoming; City of Celina; City of Central Falls, Rhode Island, a municipal corporation; City of Charles Town; City of Charleston, Mississippi; City of Charleston, South Carolina; City of Charleston, West Virginia; City of Charlestown, Maryland; City of Chelsea, Massachusetts; City of Chesapeake, Virginia; City of Chester, South Carolina; City of Cheyenne, Wyoming; City of Chicago; City of Chicago Heights; City of Chico, California, a charter city; City of Chicopee, Massachusetts; City of Chubbuck, Idaho; City of Chula Vista, California; City of Church Hill, Tennessee; City of Cincinnati; City of Claremont, New Hampshire; City of Clarksburg, West Virginia; City of Clarksdale, Mississippi; City of Clarksville, Tennessee; City of Clearlake, California, a municipal corporation; City of Cleveland; City of Cleveland, Mississippi; City of Clifton; City of Clifton, New Jersey; City of Coatesville, Pennsylvania; City of Collinsville; City of Columbia; City of Columbia, Kentucky; City of Columbia, Mississippi; City of Columbia, South Carolina; City of Columbus, Mississippi; City of Commerce City; City of Concord, New Hampshire;

City of Connersville; City of Cookeville; City of Coon
Rapids, Minnesota; City of Costa Mesa; City of
Countryside, Illinois; City of Covington, Kentucky;
City of Covington, Louisiana; City of Covington,
Virginia; City of Cranston, Rhode Island, a municipal
corporation; City of Crossville; City of Cudahy; City of
Cumberland, Maryland; City of Danbury; City of
Danville, Virginia; City of Dawson, Georgia; City of
Demorest, Georgia; City of Derby; City of Detroit; City
of Devils Lake; City of Diamondhead, Mississippi; City
of Donaldsonville, Louisiana; City of Doraville,
Georgia, a Municipal Corporation; City of Dover,
Delaware; City of Dover, New Hampshire; City of
Dublin; City of Duluth, Minnesota; City of Dunbar,
West Virginia, a West Virginia municipal corporation;
City of Dunwoody, Georgia, a Municipal Corporation;
City of Eagleville; City of East Cleveland; City of East
Lansing, Michigan; City of East Providence, Rhode
Island, a municipal corporation; City of Easthampton,
Massachusetts; City of Edmond, Oklahoma; City of El
Monte, California; City of El Reno; City of Elizabeth,
New Jersey; City of Elk City; City of Elkhart, Morton
County, Kansas; City of Elwood; City of Ely; City of
Emporia, Virginia; City of Encinitas; City of Enid,
Oklahoma; City of Escanaba; City of Espanola, a
municipal corporation, New Mexico; City of Eunice,
Louisiana; City of Eureka; City of Evansville, Indiana;
City of Everett, Massachusetts; City of Everett,
Washington; City of Fairfax, Virginia; City of Fairfield,
Ohio; City of Fairmont, West Virginia; City of Fargo,
North Dakota; City of Fayetteville; City of Fayetteville,
North Carolina; City of Federal Heights, Colorado;
City of Findlay, Ohio; City of Fishers, Indiana; City of
Flint, Michigan, a municipal corporation; City of
Florence ('City of Florence'), Kentucky; City of Fort
Wayne, Indiana; City of Fostoria, Ohio; City of
Framingham, Massachusetts; City of Franklin; City of
Franklin, Indiana; City of Franklin, Louisiana; City of
Franklin, New Hampshire, a municipal corporation;
City of Frederick, Maryland; City of Frostburg; City of
Fullerton, California; City of Gainesville, Georgia; City
of Galax, Virginia; City of Gary, Indiana; City of
Gatlinburg, Tennessee; City of Gautier, Mississippi;
City of Geneva, New York; City of Germantown,
Tennessee; City of Glendale, Arizona; City of
Gloucester, Massachusetts; City of Grand Forks, North
Dakota, Individually and on Behalf of All Others
Similarly Situated; City of Grand Rapids, Michigan;
City of Granite City, Illinois, a home rule unit; City of
Grantsville, Maryland; City of Grayson ('City of
Grayson'); City of Great Falls, Montana; City of

Greeley, Colorado; City of Green River, Wyoming; City of Greenfield; City of Greenfield, aka Town of Greenfield; City of Greensboro, North Carolina; City of Greenup, Kentucky; City of Greenwood, Indiana; City of Greenwood, Mississippi; City of Grenada, Mississippi; City of Gretna, Louisiana; City of Gulfport, Mississippi; City of Guthrie, Oklahoma; City of Hagerstown, Maryland; City of Hamilton, Ohio; City of Hammond; City of Harlan, Kentucky; City of Harrisburg, Illinois; City of Harrisonville, Cass County, Missouri; City of Harvey; City of Hattiesburg, Mississippi; City of Haverhill, Massachusetts; City of Havre De Grace, Maryland; City of Hazleton, Pennsylvania; City of Henderson, Kentucky, on Behalf of Themselves and All Other Similarly Situated Home Rule Cities; City of Henderson, Nevada; City of Henderson, North Carolina; City of Herrin, Illinois, a Home Rule Unit; City of Hickory; City of Hillview, KY; City of Hobbs, New Mexico, an Municipal Corporation, New Mexico; City of Holly Springs; City of Holyoke, Massachusetts; City of Hopwell, Virginia; City of Huntington; City of Huntington Beach, California; City of Huntington, Indiana; City of Huron; City of Hyden, Kentucky; City of Independence; City of Indianapolis; City of Indianola, Mississippi; City of Inez, a Political Subdivision of the Commonwealth of Kentucky; City of Ironton, Ohio; City of Irvine, California; City of Ithaca, New York; City of Iuka, Mississippi; City of Jackson, Michigan; City of Jackson, Mississippi; City of Jacksonville, NC; City of Jamestown, Kentucky; City of Janesville; City of Jasper, Indiana; City of Jeffersonville, Indiana; City of Jenkins, Kentucky; City of Jenks, Oklahoma; City of Jersey City, New Jersey; City of Jonestown, Mississippi; City of Joplin; City of Kankakee; City of Kansas City, Missouri; City of Keene, New Hampshire; City of Kenner, Louisiana; City of Kenosha, Wisconsin; City of Kenova, West Virginia, a West Virginia municipal corporation; City of Kent; City of Kent, Ohio; City of Kingman, Arizona; City of Kingston; City of Kirkland; City of Knoxville; City of Kokomo, Indiana; City of Kosciusko, Mississippi; City of La Habra; City of La Mesa; City of Lackawanna, New York; City of Laconia, New Hampshire, a municipal corporation; City of Lafayette; City of Laguna Beach, California; City of Lake Charles; City of Lakeland, Georgia; City of Lakeport, California, a municipal corporation; City of Lakewood; City of Lakewood, Colorado; City of Lakewood, Ohio; City of Lansing; City of Las Cruces, New Mexico, a municipal corporation; City of Las Vegas, Nevada; City of Laurel, Maryland; City of Laurel, Mississippi; City

of Lawrence, Indiana; City of Lawton, Oklahoma; City of Lebanon, Ohio; City of Leominster; City of Lewisburg; City of Lewiston, a municipality in Androscoggin County, State of Maine; City of Lexington, Virginia; City of Lima; City of Livonia; City of Lock Haven; City of Logan, a West Virginia municipal corporation; City of Logansport; City of London, Kentucky; City of Long Beach, Mississippi; City of Long Beach, New York; City of Lorain; City of Los Angeles, California; City of Lowell; City of Loyall, Kentucky; City of Lumberton, Mississippi; City of Lynch, Kentucky; City of Lyndhurst; City of Lynn; City of Macedonia; City of Madison, Indiana, A Political Subdivision of the State of Indiana, Located in Jefferson County, Indiana, By and Thru Its Mayor and Common Council; City of Malden; City of Manchester, Kentucky; City of Mandeville, Louisiana; City of Mansfield; City of Manter, Stanton County, Kansas; City of Marietta, Ohio; City of Marinette; City of Marion, Illinois, a home rule unit; City of Martinsville, Indiana; City of Martinsville, Virginia; City of Maryville, Tennessee; City of Massillon, Ohio; City of Mayfield Heights; City of Medford, Massachusetts; City of Melrose; City of Memphis, Tennessee; City of Meridian, Mississippi; City of Mesquite (NV); City of Methuen; City of Metropolis, Illinois, a Municipal Corporation; City of Middletown, Connecticut; City of Middletown, Ohio; City of Midwest City; City of Milford; City of Milledgeville, Georgia; City of Millington, Tennessee; City of Milton, West Virginia, a West Virginia municipal corporation; City of Milwaukee, Wisconsin; City of Mishawaka, IN; City of Missoula; City of Monroe, Louisiana; City of Montpelier, Indiana; City of Morehead, Kentucky; City of Morganfield, Kentucky; City of Morton, Mississippi; City of Moss Point, Mississippi; City of Mound Bayou, Mississippi; City of Mount Pleasant; City of Mount Vernon; City of Mountain Lake Park, Maryland; City of Mt. Washington, KY; City of Muncie, Indiana; City of Murfreesboro; City of Murray; City of Murrieta; City of Muskogee; City of Mustang, Oklahoma; City of Myrtle Beach; City of Nanticoke, Pennsylvania; City of Nashua; City of Nashville, Georgia; City of Natchitoches, LA; City of Nettleton, Mississippi; City of New Albany, Indiana; City of New Albany, Mississippi; City of New Bedford, Massachusetts; City of New Britain; City of New Castle; City of New Haven; City of New Iberia, Louisiana; City of New London, Connecticut; City of New Orleans, Louisiana; City of New Roads, Louisiana; City of New York; City of Newburyport; City of Newport, Rhode Island, a

14

municipal corporation; City of Nitro, West Virginia; City of Noblesville, Indiana; City of Norfolk, Virginia; City of North Adams; City of North Charleston; City of North East, Maryland; City of North Las Vegas; City of North Royalton; City of North St. Paul, Minnesota; City of Northampton; City of Northglenn; City of Northlake; City of Norton, Virginia; City of Norwalk; City of Norwalk, 38 Whittlesey Avenue, Norwalk, Ohio 44857; City of Norwich, Connecticut; City of Oak Creek; City of Oakland, Maryland; City of Ocean Springs, Mississippi; City of Ogdensburg, New York; City of Oklahoma City, Oklahoma; City of Olympia; City of Opelousas, Louisiana; City of Orangeburg, South Carolina; City of Overland Park, Kansas; City of Owasso, Oklahoma; City of Owensboro; City of Oxnard; City of Paintsville, a Political Subdivision of the Commonwealth of Kentucky, Kentucky; City of Palos Heights; City of Parkersburg, West Virginia, a West Virginia municipal corporation; City of Parma; City of Pascagoula, Mississippi; City of Paterson; City of Patterson, Louisiana; City of Pawtucket, Rhode Island, a municipal corporation; City of Peabody; City of Pekin; City of Peoria; City of Perryville, Maryland; City of Peru, Indiana; City of Philadelphia, Mississippi; City of Philadelphia, Pennsylvania; City of Phoenix, Arizona; City of Pigeon Forge, Tennessee; City of Pineville, Kentucky; City of Pineville, Louisiana; City of Pippa Passes, Kentucky; City of Pittsburgh, Pennsylvania; City of Pittsfield; City of Placentia; City of Plattsburgh, New York; City of Pocatello, Idaho; City of Ponca City, Oklahoma; City of Pontiac, Michigan; City of Pooler, Georgia; City of Portland and Jay County, Indiana; City of Portland, a municipality in Cumberland County, State of Maine; City of Portland, Oregon; City of Portsmouth, Ohio; City of Portsmouth, Virginia; City of Poughkeepsie, New York, individually, and on behalf of all others similarly-situated; City of Prescott, Arizona; City of Preston, Idaho; City of Prestonsburg, a Political Subdivision of the Commonwealth of Kentucky; City of Princeton, Illinois; City of Princeton, West Virginia, a West Virginia municipal corporation; City of Proctor, Minnesota; City of Providence, Rhode Island; City of Quitman, Mississippi; City of Radford, Virginia; City of Ravenna, Ohio; City of Reno
, Nevada; City of Revere, Massachusetts; City of Richmond; City of Richmond Hill, Georgia; City of Richmond, Virginia; City of Richwood, West Virginia; City of Ripley; City of Ripley, Tennessee; City of Riverton, Wyoming; City of Roanoke, Virginia; City of Rochester; City of Rochester, Minnesota; City of

Rochester, New York; City of Rock Springs, Wyoming; City of Rockford, a Municipal Corporation, Illinois; City of Rockland, State of Maine; City of Rome, a municipal corporation; City of Rome, New York; City of Romulus; City of Russell Springs; City of Russell, Kentucky; City of Saco, a municipality in York County, State of Maine; City of Saint Joseph, Missouri; City of Saint Martinville, Louisiana; City of Saint Paul, Minnesota; City of Salem, Massachusetts; City of Salem, Virginia; City of San Clemente; City of San Diego, California; City of San Jose, California, as a municipal corporation; City of Sandusky, Ohio; City of Sandy Springs, Georgia, a Municipal Corporation; City of Sanford, a municipality in York County, State of Maine; City of Santa Ana; City of Santa Fe; City of Saratoga Springs, New York; City of Sault Ste. Marie, Michigan; City of Schenectady, New York; City of Seaford, Delaware; City of Seat Pleasant, Maryland; City of Seattle; City of Sedro-Woolley; City of Seminole, Oklahoma; City of Sesser, Illinois; City of Seven Hills, Ohio; City of Seymour, Indiana; City of Shannon, Mississippi; City of Shawnee, Oklahoma; City of Shelbyville; City of Shelbyville, Indiana; City of Shelton; City of Shepherdsville, KY; City of Sheridan, Colorado; City of Shreveport, Louisiana; City of Slidell, Louisiana; City of Smithers, West Virginia, a West Virginia municipal corporation; City of Smithville; City of Somerville, Massachusetts; City of South Bend, Indiana; City of South Charleston, West Virginia; City of South Milwaukee; City of South Shore, Kentucky; City of South Sioux City, Nebraska; City of Sparks; City of Sparta; City of Spencer; City of Spokane; City of Spring Hill; City of Springfield, Georgia; City of Springfield, Massachusetts; City of St. Albans, Vermont; City of St. Louis, Missouri; City of St. Marys; City of Starkville, Mississippi; City of Sterling Heights, Michigan; City of Stillwater; City of Stockton; City of Streator; City of Summersville, a West Virginia municipal corporation; City of Superior; City of Surprise, Arizona; City of Syracuse, New York; City of Tacoma; City of Terre Haute, Indiana; City of Thornton, Colorado; City of Tifton, Georgia; City of Toledo; City of Torrington; City of Traverse City, Michigan; City of Trenton, New Jersey; City of Troy, New York; City of Tucson, a municipal corporation, Arizona; City of Tulsa; City of Tupelo, Mississippi; City of Twin Falls, Idaho; City of Ulysses, Grant County, Kansas; City of Utica, New York; City of Van Wert, Ohio; City of Vanceburg, Kentucky; City of Vancouver; City of Verona, Mississippi; City of Vicksburg, Mississippi; City of Vienna, Maryland; City

**of Vienna, West Virginia; City of Virginia Beach and Sheriff of the City of Virginia Beach, Virginia; City of Warfield, a Political Subdivision of the Commonwealth of Kentucky; City of Warren, Michigan; City of Warren, Ohio; City of Warwick (GA); City of Warwick, Rhode Island, a municipal corporation; City of Waterville, a municipality in Kennebec County, State of Maine; City of Wayne; City of Waynesboro, Mississippi; City of Waynesboro, Virginia; City of Webb, Mississippi; City of West Frankfort, Illinois, a home rule unit; City of West Haven; City of West Lafayette, Indiana; City of West Liberty, a Political Subdivision of the Commonwealth of Kentucky; City of West Monroe, Louisiana; City of West Wendover; City of Westfield, Indiana; City of Westland, Michigan; City of Westminster; City of Westwego, Louisiana; City of Wheat Ridge, Colorado; City of White Sulphur Springs, West Virginia; City of Whitesburg, Kentucky; City of Wichita, Kansas; City of Wickliffe; City of Wilkes-Barre, Pennsylvania; City of Williamstown; City of Wilmington, North Carolina; City of Winchester, Kentucky; City of Winchester, Virginia; City of Winfield, West Virginia; City of Winston-Salem, North Carolina; City of Woburn, Massachusetts; City of Woonsocket, Rhode Island, a municipal corporation; City of Worcester, Massachusetts; City of Worthington, Kentucky; City of Yonkers, New York; City of Youngstown, Ohio; City of Yukon, Oklahoma; Claiborne County; Claiborne County, MS; Claiborne County, Tennessee; Claiborne Parish, Louisiana; Clallam County; Clark County; Clark County, Nevada; Clarke County, Mississippi; Clay County; Clay County, Georgia; Clayton County; Clayton County, Georgia; Clearfield County, Pennsylvania; Clermont County Board of County Commissioners; Cleveland County; Clinch County, Georgia; Clinton County; Clinton County Board of Commissioners; Clinton County, Missouri; Cloverdale Rancheria of Pomo Indians; Cobb County; Cochise County, Arizona; Cocke County; Coeur D'Alene Tribe, Idaho; Cole County, Missouri; Columbia County; Columbia County, Georgia; Columbia County, Pennsylvania; Columbiana County Board of County Commissioners; Columbus County, North Carolina; Columbus, Georgia; Comanche Nation, Oklahoma; Commissioners of St. Mary's County, Maryland, 41770 Baldridge Street Leonardtown, MD 20650; Concordia Parish, Louisiana; Conejos County, Colorado; Confederated Salish and Kootenai Tribes of the Flathead Reservation; Confederated Tribes and Bands of the Yakama Nation, Washington; Confederated Tribes of the Colville**

Reservation; Confederated Tribes of the Goshute Reservation, Utah; Confederated Tribes of The Grand Ronde Community of Oregon; Confederated Tribes of the Umatilla Indian Reservation; Confederated Tribes of Warm Springs, Oregon; Cook County, Georgia; Cook County, Illinois; Coos County, New Hampshire; Coos County, Oregon; Copley Township; Copper River Native Association; Coquille Indian Tribe, Oregon; Coshocton County Board of County Commissioners; County Commission of Barbour County; County Board of Arlington County, Virginia; County Commission of Clay County; County Commission of Creek County, Oklahoma; County Commission of Hardy County; County Commission of Mason County; County Commission of Mayes County, Oklahoma; County Commission of McDowell County; County Commission of Mingo County; County Commission of Nowata County, Oklahoma; County Commission of Okmulgee County, Oklahoma; County Commission of Payne County, Oklahoma; County Commission of Preston County; County Commission of Putnam County; County Commission of Rogers County, Oklahoma; County Commission of Taylor County; County Commission of Tucker County; County Commission of Washington County, Oklahoma; County Commission of Webster County; County Commissioner of Carroll County, Maryland, A Body Corporate and Politic of the State of Maryland; County Commissioners of Calvert County, Maryland; County Commissioners of Charles County, Maryland; County of Abbeville; County of Alameda; County of Albany, New York; County of Alcona, Michigan; County of Alexander; County of Alger, Michigan; County of Allegheny; County of Allendale; County of Alpena, Michigan; County of Amador, a political subdivision of the State of California; County of Anaconda-Deer Lodge; County of Anderson; County of Anoka, Minnesota; County of Antrim, Michigan; County of Apache, Arizona; County of Arenac, Michigan; County of Armstrong; County of Bamberg; County of Baraga, Michigan; County of Barnwell; County of Bay, Michigan; County of Beaufort; County of Beaver; County of Benzie, Michigan; County of Berrien, Michigan; County of Bond; County of Bradford; County of Broome, New York; County of Burlington, New Jersey; County of Butte, a political subdivision of the State of California; County of Calaveras, a political subdivision of the State of California; County of Calhoun, Illinois; County of Carbon; County of Cascade; County of Cass, Michigan; County of Cattaraugus, New York; County of Charlevoix, Michigan; County of Chautauqua, New

York; County of Cheboygan; County of Cherokee; County of Chesterfield; County of Chippewa; County of Clackamas; County of Clarendon; County of Clarion; County of Clatsop; County of Clinton, Michigan; County of Clinton, New York; County of Coles; County of Colleton; County of Columbia; County of Contra Costa, a political subdivision of the State of California; County of Crawford, Michigan; County of Cumberland, Pennsylvania; County of Curry; County of Del Norte, a political subdivision of the State of California; County of Delta; County of Dickinson, Michigan; County of Dorchester; County of Douglas, State of Nebraska; County of Dutchess; County of Eaton, Michigan; County of Edwards; County of Effingham; County of El Dorado, a political subdivision of the State of California; County of Erie; County of Fairfield, South Carolina; County of Fannin, Georgia; County of Fayette; County of Fayette, Ohio; County of Fort Bend, Texas; County of Franklin; County of Fresno, a political subdivision of the State of California; County of Fulton; County of Gallatin; County of Genesee; County of Genesee, New York; County of Glenn, a political subdivision of the State of California; County of Grand Traverse; County of Gratiot, Michigan; County of Greene; County of Greene, New York; County of Greenville; County of Greenwood; County of Grenada, Mississippi; County of Hamilton, Illinois; County of Hampton; County of Hardin; County of Harvey, Kansas; County of Hawaii, Hawaii; County of Herkimer; County of Hillsdale, Michigan; County of Horry, South Carolina; County of Houghton, Michigan; County of Hudson, New Jersey; County of Huerfano; County of Hunterdon, New Jersey; County of Huntingdon; County of Imperial, a political subdivision of the State of California; County of Ingham, Michigan; County of Inyo, a political subdivision of the State of California; County of Ionia, Michigan; County of Iosco, Michigan; County of Iron Mountain, Michigan; County of Iron, Michigan; County of Isabella, Michigan; County of Jackson; County of Jasper; County of Jefferson, New York; County of Jennings, Indiana; County of Johnson, Illinois; County of Josephine; County of Kauai, A Political Subdivision of the State of Hawai'i, for themselves individually, and on behalf of all similarly situated persons, and on behalf of the general public, as a class, Hawaii; County of Kendall; County of Kent, Michigan; County of Kern, California; County of Kershaw; County of Knox, State of Nebraska; County of La Paz, Arizona; County of Lackawanna; County of Lake; County of Lake in the Name of the People of the

State of Illinois; County of Lake, Michigan; County of
Lane; County of Lassen, a political subdivision of the
State of California; County of Laurens; County of
Lawrence; County of Lee; County of Leelanau,
Michigan; County of Lenawee, Michigan; County of
Lewis; County of Lexington; County of Livingston;
County of Livingston, Michigan; County of Luce,
Michigan; County of Macomb; County of Madera, a
political subdivision of the State of California; County
of Madison; County of Madison, Mississippi; County of
Manistee, Michigan; County of Marin, California;
County of Marion; County of Mariposa, a political
subdivision of the State of California; County of
Marquette, Michigan; County of Mason, Michigan;
County of Massac; County of Medina, Ohio; County of
Mendocino, a political subdivision of the State of
California; County of Merced, a political subdivision of
the State of California; County of Mercer; County of
Merrimack; County of Modoc, a political subdivision of
the State of California, California; County of Mono, a
political subdivision of the State of California,
California; County of Monroe; County of Monroe,
Michigan; County of Montcalm, Michigan; County of
Monterey, a political subdivision of the State of
California; County of Montmorency,
Michigan; County of Multnomah; County of Napa,
California; County of Nevada, a political subdivision of
the State of California, California; County of Newaygo,
Michigan; County of Oakland; County of Oceana,
Michigan; County of Oconee; County of Ogemaw,
Michigan; County of Oneida, New York; County of
Onondaga, New York; County of Ontonagon,
Michigan; County of Orange; County of Orangeburg;
County of Osceola, Michigan; County of Otsego,
Michigan; County of Otsego, New York; County of
Pendleton, West Virginia; County of Pickens; County of
Placer, a political subdivision of the State of California;
County of Plumas, a political subdivision of the State of
California; County of Portage, Ohio; County of Presque
Isle, Michigan; County of Pulaski; County of Reno,
Kansas; County of Rensselaer; County of Riverside, a
political subdivision of the State of California; County
of Roscommon, Michigan; County of Sacramento, a
political subdivision of the State of California; County
of Saginaw; County of Saline; County of Saluda;
County of San Benito, a political subdivision of the
State of California; County of San Bernardino, a
political subdivision of the State of California; County
of San Diego, a political subdivision of the State of
California; County of San Joaquin, California; County
of San Luis Obispo, California; County of San Mateo;

County of San Mateo, California; County of Sangamon; County of Sanilac, Michigan; County of Santa Barbara, California; County of Santa Cruz, California; County of Saratoga, New York; County of Schenectady, New York; County of Schoharie, New York; County of Schuyler; County of Schuyler, New York; County of Seneca, New York; County of Shasta, a political subdivision of the State of California; County of Shelby; County of Shiawassee, Michigan; County of Siskiyou, a political subdivision of the State of California; County of Somerset, Maryland; County of Sonoma, California; County of Spartanburg, South Carolina; County of St. Clair, Michigan; County of St. Lawrence; County of Steuben; County of Sullivan, New York; County of Sutter, a political subdivision of the State of California; County of Tehama, a political subdivision of the State of California; County of Tompkins; County of Trinity, a political subdivision of the State of California; County of Trumbull; County of Tulare, California; County of Tuolumne, a political subdivision of the State of California; County of Tuscarawas, Ohio; County of Tuscola, Michigan; County of Ulster, New York; County of Union; County of Ventura, California; County of Wabash; County of Warren, New York; County of Washington; County of Washington, New York; County of Washtenaw, Michigan; County of Wayne, Michigan; County of Westchester, New York; County of Westmoreland; County of Wexford, Michigan; County of White; County of Wicomico, Maryland; County of Williamsburg; County of Winnebago; County of Wyoming, New York; County of Yamhill; County of Yolo, California, a political subdivision of the State of California; County of York; County of Yuba, a political subdivision of the State of California; Coushatta Tribe, Louisiana; Coventry Township; Covington County, Mississippi; Cow Creek Band of Umpqua Tribe of Indians; Coyote Valley Band of Pomo Indians; Craven County, North Carolina; Crawford County; Crawford County Board of County Commissioners; Crisp County, Georgia; Crockett County, Tennessee; Crowley County, Colorado; Culpeper County, Virginia; Cumberland County; Cumberland County, New Jersey; Cumberland County, North Carolina; Cumberland County, State of Maine; Cumberland County, Virginia; Currituck County, North Carolina; Dade County; Dade County, Georgia; Daggett County, Utah; Dakota County, Minnesota; Dallas County; Bryant C. Dunaway, in his official capacity as the District Attorney General for the Thirteenth Judicial District, TN and on behalf of all political subdivisions therein, including Clay County,

City of Celine, Cumberland County, City of Crab Orchard, City of Crossville, Town of Pleasant Hill, Dekalb County, Town of Alexandria, Town of Dowelltown, Town of Liberty, City of Smithville, Overton County, Town of Livingston, Pickett County, Town of Byrdstown, Putnam County, City of Algood, Town of Baxter, City of Cookeville, Town of Monterey, White County, Town of Doyle, City of Sparta; Dan Armstrong, in his official capacity as the District Attorney General for the Third Judicial District and on behalf of all political subdivisions therein, including Greene County, City of Tusculum, Town of Baileyton, Town of Greenville, Town of Mosheim, Hamblen County, City of Morristown, Hancock County, Town of Sneedville; Dane County, Wisconsin; Dare County; Darke County Board of Commissioners; Dauphin County, Pennsylvania; Dave Clark, in his official capacity as the District Attorney General for the Seventh Judicial District and on behalf of all political subdivisions therein, including Anderson County, City of Clinton, City of Norris, City of Oak Ridge,; Dave Clark, in his official capacity as the District Attorney General for the Seventh Judicial District and on behalf of City of Rocky Top; David Black, Stanton County Attorney; David J. Davis, In His Official Capacity as Sheriff of Bibb County, Georgia; Davidson County; Davie County; Davis County; Dawson County, Georgia; DCH Health Care Authority; Dean E. Depiero, Law Director, City of Aurora, Ohio; Decatur County, Georgia; Decatur County, Tennessee; DeKalb County; DeKalb County, Illinois; Delaware County; Delaware County Board of County Commissioners; Delaware County, Pennsylvania; Delaware Nation; Dent County; Des Moines County; DeSoto County, Mississippi; DeSoto Fire Protection District No. 8, Louisiana; Detroit Wayne Mental Health Authority, Michigan; Dickenson County, Virginia; Dickey County, North Dakota; Dillon County; Dinwiddie County, Virginia; District Attorney for the Parish of Orleans, State of Louisiana; District Attorney of Clearfield County; Doddridge County Commission, West Virginia; Dodge County; Dooly County, Georgia; Door County; Dorchester County, Maryland; Dougherty County, Georgia (OH); Douglas Anderson, Duly Elected Sheriff of Avoyelles Parish, in his capacity as Officer Ex Officio of the Avoyelles Parish Sheriff's Office and the Avoyelles Parish Law Enforcement District, Louisiana; Douglas County; Douglas County, a political subdivision of the State of Nevada; Douglas County, Minnesota; Douglas County, Missouri; Douglas Herbert III, Duly Elected Sheriff of Allen Parish, In His

Capacity as Officer Ex Officio of the Allen Parish
Sheriff's Office, Louisiana; Downey Unified School
District; Doyle T. Wooten, in his Official Capacity As
The Sheriff of Coffee County, Georgia; Dr. Bryan
Bertucci in his Official Capacity of Coroner of St.
Bernard Parish; Dr. Howard Cooper, Lake County
Coroner; Dry Creek Band of Pomo Indians; Duchesne
County, Utah; Dunklin County; Dunn County, North
Dakota; Dunn County, Wisconsin; DuPage County,
Illinois; Duplin County; Durham County; Dusty Gates,
in his capacity as the Sheriff for Union Parish,
Louisiana; E. Neal Jump in his Official Capacity as the
Sheriff of Glynn County, Georgia; Early County,
Georgia; East Baton Rouge Parish Clerk of Court
Office, Louisiana; East Carroll Parish Police Jury; East
Hampton Village, New York; Eastern Aleutian Tribes,
Alaska; Eastern Band of Cherokee Indians; Eastern
Shoshone Tribe; Eau Claire County; Echols County,
Georgia; Eddy County; Eddy County, North Dakota;
Edgefield County; Edrick Soileau, Duly Elected Sheriff
of Evangeline Parish, in his capacity as Officer Ex
Officio of the Evangeline Parish Sheriff's Office and the
Evangeline Parish Law Enforcement District,
Louisiana; Effingham County, Georgia; Elbert County,
Georgia; Elk Grove Unified School District; Elko Band
of the Te-Moak Tribe of Western Shoshone Indians;
Elmore County; Ely Shoshone Tribe of Nevada;
Emanuel County, Georgia; Emery County, Utah;
Emmet County; Erie County Board of County
Commissioners; Esmeralda County; Essex County, New
Jersey; Estill County Emergency Medical Services,
Kentucky; Evangeline Parish Police Jury; Evans
County, Georgia; Ewiiaapaayp Band of Kumeyaay
Indians; Fairfax County, By Its Board of Supervisors,
Virginia; Fairfield Board of County Commissioners;
Fairview Township, Pennsylvania; Fauquier County,
Virginia; Fayette County; Fayette County Commission;
Fayette County, Georgia; Fentress County, Tennessee;
Fiscal Court of Breathitt County, Kentucky; Fiscal
Court of Caldwell County, Kentucky; Fiscal Court of
Casey County, Kentucky; Fiscal Court of Daviess
County, Kentucky; Fiscal Court of Edmonson County,
on Behalf of Edmonson County; Fiscal Court of Fulton
County, Kentucky; Fiscal Court of Gallatin County,
Kentucky; Fiscal Court of Grant County, Kentucky;
Fiscal Court of Hancock County, Kentucky; Fiscal
Court of Harrison County, Kentucky; Fiscal Court of
Hart County, Kentucky; Fiscal Court of LaRue County,
Kentucky; Fiscal Court of Lee County, Kentucky;
Fiscal Court of Lewis County, Kentucky; Fiscal Court
of Logan County, Kentucky; Fiscal Court of Madison

23

County, Kentucky; Fiscal Court of Mason County, Kentucky; Fiscal Court of Mercer County, Kentucky; Fiscal Court of Monroe County, Kentucky; Fiscal Court of Morgan County, on behalf of Morgan County, Kentucky; Fiscal Court of Muhlenberg County, Kentucky; Fiscal Court of Russell County, Kentucky; Fiscal Court of Spencer County, Kentucky; Fiscal Court of Taylor County, Kentucky; Fiscal Court of Todd County, Kentucky; Fiscal Court of Webster County, Kentucky; Fiscal Court of Wolfe County, Kentucky; Flandreau Santee Sioux Tribe; Florence County; Floyd County, Georgia; Floyd County, Virginia; Fond du Lac Band of Lake Superior Chippewa; Fond Du Lac County; Forest County; Forest County Potawatomi Community; Forrest County, Mississippi; Forsyth County; Forsyth County, Georgia; Fort Belknap Indian Community of the Fort Belknap Indian Reservation of Montana; Fort Wayne Community Schools; Forty Fort Borough, Pennsylvania; Foster County, North Dakota; Four County Board of Alcohol, Drug Addiction and Mental Health Services; Four Winds Tribe Louisiana Cherokee, Louisiana; Frank J. Cimino, Law Director, City of Ravenna, Ohio; Franklin County; Franklin County Board of County Commissioners; Franklin County, Mississippi; Franklin County, Missouri; Franklin County, Pennsylvania; Franklin County, Virginia; Franklin Parish, Louisiana; Frederick County, Maryland; Frederick County, Virginia; Freeborn County (MN); Fremont County; Friendship Engine & Hose Company, New York; Gallia County Board of County Commissioners; Garfield County, Utah; Garrett County, Maryland; Gary Gilley, Duly Elected Sheriff of Richland Parish, in his Capacity as Officer Ex Officio of the Richland Parish Sheriff's Office and the Richland Parish Law Enforcement District, Louisiana; Gary Langford in his Official Capacity as the Sheriff of Murray County, Georgia; Gasconade County, Missouri; Gaston County; Geauga County Board of County Commissioners; Gene Scarbrough, in his Official Capacity as The Sheriff of Tift County, Georgia; George County, Mississippi; Georgetown City, South Carolina; Georgetown County, South Carolina; Gila River Indian Community; Giles County; Giles County, Virginia; Glascock County, Georgia; Glynn County, Georgia; Goochland County, Virginia; Gooding County, Idaho; Grady County, Georgia; Grafton County, New Hampshire; Grainger County; Grand County, Utah; Grand Forks County, North Dakota; Grand Traverse Band of Ottawa and Chippewa Indians, Michigan; Grant County; Grant

County, New Mexico; Grant Parish, Louisiana, By and
Through its Duly Elected Police Jury; Granville
County; Grayson County, Virginia; Green County;
Green County Fiscal Court, on Behalf of Green County;
Green County, Tennessee; Green Lake County;
Greenbrier County Commission; Greene County;
Greene County, Georgia; Greene County, Mississippi;
Greensville County, Virginia; Greg Champagne, in His
Capacity as Sheriff on Behalf of the St. Charles Parish
Sheriff's Office, Louisiana; Grundy County; Guernsey
County Board of County Commissioners, Ohio;
Guidiville Rancheria of California; Guilford County;
Gwinnett County, Georgia; H.W. 'Billy' Hancock, in
His Official Capacity as the Sheriff of Crisp County,
Georgia; Habersham County, Georgia; Halifax County;
Halifax County, Virginia; Halifax Hospital Medical
Center; Hamblen County Board of Education;
Hamilton County; Hamilton County Board of County
Commissioners; Hamilton County, Tennessee; Hancock
County; Hancock County Board of County
Commissioners; Hancock County Board of Education;
Hancock County Commission; Hancock County,
Georgia; Hancock County, Mississippi; Hancock
County, Tennessee; Hanover Township, Pennsylvania;
Hardin County; Hardin County Fiscal Court, on Behalf
of Hardin County; Harford County, Maryland;
Harrison County; Harrison County Board of
Commissioners, Ohio; Harrison County Commission;
Harrison County, Indiana; Harrison County,
Mississippi; Hartford City, Indiana; Hauppauge Fire
District, New York; Hawkins County, Tennessee;
Haywood County; Haywood County, Tennessee; Health
Care Authority of Clarke County; Healthcare
Authority for Baptist Health, an affiliate of UAB Health
Sys.; Heard County, Georgia; Henderson County,
Tennessee; Hennepin County, Minnesota; Henrico
County, Virginia; Henry County; Henry County,
Georgia; Henry County, Illinois; Henry County,
Missouri; Henry County, Virginia; Hickory County;
Hicksville Water District, New York; Hillsborough
County, New Hampshire; Hinds County, Mississippi;
Ho-Chunk Nation, Wisconsin; Hocking County Board
of County Commissioners; Holmes County, Mississippi;
Hope L. Jones, Law Director, City of Kent, Ohio; Hopi
Tribe; Hopland Band of Pomo Indians; Hospital
Service District No. 1 of The Parish of Avoyelles, State
of Louisiana, d/b/a Bunkie General Hospital; Houlton
Band of Maliseet Indians, Maine; Houston County,
Cullen Talton in His Official Capacity as the Sheriff,
Georgia; Houston County, Georgia; Howard County;
Howard County, Indiana; Howard County, Maryland;

Howell County, Missouri; Hualapai Tribe, Arizona; Humboldt County; Humboldt County, California; Humphreys County, MS; Huron County Board of County Commissioners; Iberia Parish School Board, Louisiana; Iberia Parish, Louisiana; Iberville Parish Council, a Louisiana governmental entity; Ida County; Incorporated Village of Babylon, New York; Incorporated Village of East Rockaway, New York; Incorporated Village of Farmingdale, New York; Incorporated Village of Floral Park, New York; Incorporated Village of Garden City, New York; Incorporated Village of Hempstead, New York; Incorporated Village of Island Park, New York; Incorporated Village of Islandia, New York; Incorporated Village of Lake Grove, New York; Incorporated Village of Lawrence, New York; Incorporated Village of Lindenhurst, New York; Incorporated Village of Lloyd Harbor, New York; Incorporated Village of Lynbrook, New York; Incorporated Village of Massapequa Park, New York; Incorporated Village of Mill Neck, New York; Incorporated Village of New Hyde Park, New York; Incorporated Village of Nissequoge, New York; Incorporated Village of Nissequogue, New York; Incorporated Village of Northport, New York; Incorporated Village of Old Westbury, New York; Incorporated Village of Patchogue, New York; Incorporated Village of Poquott, New York; Incorporated Village of Valley Stream, New York; Incorporated Village of West Hampton Dunes, New York; Incorporated Village of Westbury, New York; Incorporated Village of Northport, New York; Indiana County, Pennsylvania; Iowa County; Iowa Tribe of Kansas and Nebraska; Iredell County; Iron County; Iron County, Utah; Irving Independent School District; Irwin County, Georgia; Island County; Isle of Wight County, Virginia; Islip Terrace Fire District; Issaquena County, Mississippi; Itasca County, Minnesota; Itawamba County, Mississippi; Ivy Woods, duly elected Sheriff of Jefferson Davis Parish, in his capacity as Officer Ex Officio of the Jefferson Davis Parish Sheriffs Office and the Jefferson Davis Parish Law Enforcement District; Jackson County; Jackson County Board of County Commissioners; Jackson County Commission; Jackson County, Georgia; Jackson County, Indiana; Jackson County, Mississippi; Jackson County, Missouri; Jackson Parish Police Jury, Louisiana; James Pohlmann, Sheriff of St. Bernard Parish, Louisiana in his Capacity as Officer Ex Officio of the St. Bernard Parish Sheriff's Office and The St. Bernard Parish Law Enforcement District; Jamestown S'Klallam Tribe;

Jared Effler, in his official capacity as the District
Attorney General for the Eighth Judicial District and
on behalf of all political subdivisions therein, including
Campbell County, City of Jellico, City of Lafollette,
Town of Caryville,; Jared Effler, in his official capacity
as the District Attorney General for the Eighth Judicial
District and on behalf of Fentress County, City of
Allardt, City of Jamestown, Scott County, Town of
Huntsville, Town of Oneida, Town of Winfield; Jared
Effler, in his official capacity as the District Attorney
General for the Eighth Judicial District and on behalf of
Town of Jacksboro, County of Clairborne, City of
Harrogate, Town of Cumberland Gap, Town of New
Tazewell, Town of Tazewell; Jared Effler, in his official
capacity as the District Attorney General for the Eighth
Judicial District and on behalf of Union County, City of
Luttrell, City of Maynardville, City of Plainview; Jason
Ard, Ex Officio Sheriff, Parish of Livingston, State of
Louisiana; Jasper County; Jasper County, Georgia; Jay
Russell, Duly Elected Sheriff of Ouachita, In His
Capacity As Officer Ex Officio of the Ouachita Parish
Sheriff's Office and the Ouachita Parish Law
Enforcement District; Jeff Davis County, Georgia;
Jefferson County; Jefferson County Commission, West
Virginia; Jefferson County, Georgia; Jefferson County,
Mississippi; Jefferson County, Missouri; Jefferson
Davis County; Jefferson Davis Parish Police Jury,
Louisiana; Jefferson Parish Coroner's Office; Jefferson
Parish Hospital Service District No. 1, Louisiana;
Jefferson Parish Hospital Service District No. 2,
Louisiana; Jeffrey F. Wiley, duly elected Sheriff of
Ascension Parish, in his capacity as Officer Ex Officio
of the Ascension Parish Sheriffs Office and the
Ascension Parish Law Enforcement District, Louisiana;
Jennifer Magana, City Attorney, Wichita, Kansas;
Jennings H. Jones, in his official capacity as the District
Attorney General for the Sixteenth Judicial District, TN
and on behalf of all political subdivisions therein,
including Cannon County, Town of Auburntown, Town
of Woodbury, Rutherford County, City of Eagleville,
City of La Vergne, City of Murfreesboro, Town of
Smyrna; Jerry Hathaway, Allen County Attorney;
Jerry L. Philley, Duly Elected Sheriff of West Carroll
Parish, in his Capacity as Officer Ex Officio of the West
Carroll Parish Sheriff's Office and the West Carroll
Parish Law Enforcement District, Louisiana; Jersey
County; Jessica Akers, Grant County Attorney;
Jicarilla Apache Nation, New Mexico; Jimmy Dunn, in
his official capacity as the District Attorney General for
the Fourth Judicial District and on behalf of all political
subdivisions therein, including Cocke County, City of

Newport, Town of Parrottsville, Grainger County,; Jimmy Dunn, in his official capacity as the District Attorney General for the Fourth Judicial District and on behalf of City of Bean Station, Town of Blaine, Town of Rutledge, Jefferson County, City of Baneberry, City of Jefferson City,; Jimmy Dunn, in his official capacity as the District Attorney General for the Fourth Judicial District and on behalf of City of Sevierville, Town of Pittman Center; Jimmy Dunn, in his official capacity as the District Attorney General for the Fourth Judicial District and on behalf of Town of Dandridge, Town of New Market, Town of White Pine, Sevier County, City of Gatlinburg, City of Pigeon Forge,; Joe Lee, Elk County Attorney; Joe Lee, Greenwood County Attorney; John Craft, Duly Elected Sheriff of Vernon Parish, in his Capacity as Officer Ex Oficio of the Vernon Parish Sheriff's Office and the Vernon Parish Law Enforcement District; John E. Ballance, in his capacity as the Sheriff for Bienville Parish, Louisiana; John G. Carter, in his Official Capacity as the Sheriff of Wayne County, Georgia; Johnson County; Johnson County, Kansas; Johnson County, Missouri; Johnson County, Tennessee; Johnson County, Georgia; Jones County; Jones County, Georgia; Jones County, Mississippi; Joseph P. Lopinto, III, In his capacity as Sheriff on behalf of the Jefferson Parish Sheriff's Office, Louisiana; Juab County, Utah; Juneau County; Kalamazoo County, Michigan; Kanawha County Board of Education; Kanawha County Commission; Kane County, Illinois; Kane County, Utah; Kankakee County, Illinois; Keith County, Nebraska; Kemper County, Mississippi; Kenaitze Indian Tribe; Kendall County, Illinois; Kennebec County, State of Maine; Kenneth Hedrick, in His Capacity as Sheriff on Behalf of the Concordia Parish Sheriff's Office, Louisiana; Kenosha County; Kent County, Delaware; Kentucky River District Health Department, and all others similarly situated, Kentucky; Keokuk County; Kern High School District; Kershaw County Hospital Board a/k/a Kershaw Health d/b/a Health Service District of Kershaw County; Kewaunee County; Keweenaw Bay Indian Community; Kickapoo Tribe in Kansas; King and Queen County, Virginia; King County; Kingston Borough, Pennsylvania; Kinloch Fire Protection District of St. Louis County, Missouri; Kitsap County; Kittitas County; Knox County; Knox County Board of County Commissioners, Ohio; Knox County, Missouri; Knox County, State of Maine, individually, and on behalf of all others similarly-situated; Kodiak Area Native Association, Alaska; Koi Nation of Northern California; Kootenai Tribe of Idaho, Idaho; La Crosse

County; La Posta Band of Diegueno Mission Indians of
the La Posta Indian Reservation; La Vergene,
Tennessee; Lac Courte Oreilles Band of Lake Superior
Chippewa Indians; Lac Du Flambeau Band of Lake
Superior Chippewa Indians; Lac Vieux Desert Band of
Lake Superior Chippewa Indians, Michigan; Lafayette
County; Lafayette County, Mississippi; Lafayette
County, Missouri; Lafourche Parish Government;
LaFourche Parish School Board; Lake County,
Indiana; Lamoure County, North Dakota; Lancaster
County, South Carolina; Langlade County; Lanier
County, Georgia; LaPorte County, Indiana; Larry H.
Dean in his Official Capacity as the Sheriff of Laurens
County, Georgia; Las Animas County, Colorado;
LaSalle Parish, Louisiana; Latah County; Lauderdale
County, Mississippi; Lauderdale County, Tennessee;
Laurens County, Georgia; Lawrence County; Lawrence
County Board of County Commissioners; Lawrence
County, Indiana; Lawrence County, Kentucky;
Lawrence County, Missouri; Lee County; Lee County,
Georgia; Lee County, Mississippi; Lee County,
Virginia; Leech Lake Band of Ojibwe; Leflore County,
Mississippi; Lehigh County, Pennsylvania; Leland
Falcon, Sheriff of Assumption Parish, Louisiana in his
Capacity as Officer Ex Officio of the Assumption Parish
Sheriff's Office; Lenoir County, North Carolina;
Levittown Fire District, New York; Lewis County
Commission; Lewis County, Missouri; Lewis County,
Washington; Lewis S. Walker in his Official Capacity
as the Sheriff of Crawford County, Georgia; Lexington,
Tennessee; Lexington-Fayette Urban County
Government; Liberty County, Georgia; Licking County
Board of County Commissioners, Ohio; Lincoln
County, Georgia; Lincoln County, Mississippi; Lincoln
County, Missouri; Lincoln County, Nebraska; Lincoln
County, State of Maine; Lincoln County, North
Carolina; Lisbon City, North Dakota; Livingston
County, Missouri; Lisa S. Zavogiannis, in her official
capacity as the District Attorney General for the
Thirty-First Judicial District, TN and on behalf of all
political subdivisions therein, including Van Buren
County, Town of Spencer, Warren County, Town of
Centertown, City of McMinnville, Town of Morrison,
Town of Viola; Logan County Board of County
Commissioners, Ohio; Logan County Commission;
Long County, Georgia; Loudon County; Loudoun
County, Virginia; Louis M. Ackal, Duly Elected Sheriff
of Iberia Parish, Louisiana, In His Capacity as Officer
Ex Officio of the Iberia Parish Sheriff's Office and the
Iberia Parish Law Enforcement District; Louisa
County, Virginia; Louisville/Jefferson County Metro

Government; Lower Brule Sioux Tribe; Lower
Makefield Township; Lower Sioux Indian Community
in the State of Minnesota; Lower Southampton,
Pennsylvania; Lowndes County, Georgia; Lucas
County Children Services Board of Trustees; Lummi
Tribe of the Lummi Reservation; Lumpkin County,
Georgia; Luzerne County; Lycoming County,
Pennsylvania; Lyon County; Lyttton Band of Pomo
Indians, California; Macon County, Illinois; Macoupin
County, Illinois; Madison County; Madison County,
Georgia; Madison County, Tennessee; Madison
County, Virginia; Mahaska County; Mahoning
Township, Pennsylvania; Manchester Band of Pomo
Indians of the Manchester Rancheria; Manitowoc
County; Marathon County; Maricopa County, Arizona;
Maries County, Missouri; Marinette County; Marion
County; Marion County Board of County
Commissioners, Ohio; Marion County Board of
Education; Marion County Commission; Marion
County, Mississippi; Marion County, South Carolina;
Mark C. Curran, Jr., Lake County Sheriff; Mark
Garber, duly elected Sheriff of Lafayette Parish, in his
capacity as Officer Ex Officio of the Lafayette Parish
Law Enforcement District, Louisiana; Marlboro
County, South Carolina; Marlin N. Gusman, Sheriff
Orleans Parish, Louisiana; Marquette County;
Marshall County; Marshall County Commission;
Marshall County, Indiana; Marshall County,
Mississippi; Martin County, North Carolina;
Mashantucket (Western) Pequot Tribe, Connecticut;
Maverick County, Texas; Mayor & City Council of
Baltimore, Maryland; Mayor Brian Billings on Behalf
of the City of Point Pleasant; Mayor Chris Tatum on
Behalf of the Village of Barboursville; Mayor David
Adkins, on Behalf of The Town of Hamlin; Mayor
David Wood on Behalf of the City of Moundsville;
Mayor Don E. McCourt, On Behalf of the Town of
Addison aka The Town of Webster Springs; Mayor
Elmer Ray Spence on behalf of The Town of Delbarton;
Mayor Farris Burton, on Behalf of The Town of West
Hamlin; Mayor Gary A. Miller on Behalf of the Town
of Junior; Mayor Harold E. Miller on Behalf of the City
of Weirton; Mayor Maureen Lasky-Setchell on Behalf
of the City of Belington; Mayor Peggy Knotts Barney,
on Behalf of the City of Grafton; Mayor Philip Bowers,
on Behalf of the City of Philippi; Mayor Sheila Kessler
on Behalf of the Town of Matewan; Mayor Thomas
Evans, Jr., on Behalf of the Town of Oceana; Mayor
Virginia Ann Martin on Behalf of the City of Mullens;
McCormick County, South Carolina; McDonald
County; McDowell County; McDowell County Board of

Education; McDuffie County, Georgia; McHenry
County, Illinois; McIntosh County, Georgia; McKenzie
County, North Dakota; McLean County (ND); McLean
County, Illinois; McLeod County, Minnesota; McMinn
County; Meade County Fiscal Court, on Behalf of
Meade County; Mechoopda Indian Tribe of Chico
Rancehria, California; Mecklenburg County;
Mecklenburg County, Virginia; Medical West Hospital
Authority, an affiliate of UAB Health Sys.; Meeker
County, Minnesota; Meigs County; Meigs County,
Ohio; Melville Fire District, New York; Menominee
County; Menominee Indian Tribe of Wisconsin; Mental
Health & Recovery Services Board of Allen, Auglaize,
and Hardin Counties, Ohio; Mental Health & Recovery
Services Board of Lucas County; Mentasta Traditional
Council, Individually and on behalf of a class of
Federally Recognized Indian tribes similarly situated
within the boundaries of the State of Alaska; Mercer
County Board of County Commissioners; Mercer
County, North Dakota; Meriwether County, Chuck
Smith in his Official Capacity as the Sheriff, Georgia;
Meriwether County, Georgia; Merrick Library; Mesa
County Valley School District 51; Mescalero Apache
Tribe, New Mexico; Metropolitan Government of
Nashville and Davidson County, Tennessee; Miccosukee
Tribe of Indians of Florida, a federally recognized
Indian Tribe; Michael Nerheim, Lake County State's
Attorney; Michael Tubbs, duly elected Sheriff of
Morehouse Parish, in his capacity as Officer Ex Officio
of the Morehouse Parish Sheriffs Office and the
Morehouse Parish Law Enforcement District,
Louisiana; Middletown Township; Mike Jolley in his
Official Capacity as the Sheriff of Harris County,
Georgia; Mike Kile in his Official Capacity as the
Sheriff of Screven County, Georgia; Mike Stone, in his
capacity as the Sheriff for Lincoln Parish, Louisiana;
Mike Taylor in his official capacity as the District
Attorney General for the Twelfth Judicial District and
on behalf of all political subdivisions therein, including
Bledsoe County, City of Pikeville, Franklin County,
City of Cowan, City of Decherd,; Mike Taylor in his
official capacity as the District Attorney General for the
Twelfth Judicial District and on behalf of City of
Dunlap; Mike Taylor in his official capacity as the
District Attorney General for the Twelfth Judicial
District and on behalf of City of Gruetli-Laager, Town
of Altamont, Town Beersheba Springs, Town of
Monteagle, Town of Palmer, Town of Tracy City,; Mike
Taylor in his official capacity as the District Attorney
General for the Twelfth Judicial District and on behalf
of City of Tullahoma, City of Winchester, Town of Estill

Springs, Town of Huntland, Grundy County, City of
Coalmont,; Mike Taylor in his official capacity as the
District Attorney General for the Twelfth Judicial
District and on behalf of Marion County, City of New
Hope, City of South Pittsburg, City of Whitwell, Town
of Jasper, Town of Kimball, Town of Orme; Mike
Taylor in his official capacity as the District Attorney
General for the Twelfth Judicial District and on behalf
of Town of Powells Crossroads, Rhea County, City of
Dayton, Town of Graysville, Town of Spring City,
Sequatchie County; Town of Westborough; Millard
County, Utah; Mille Lacs Band of Ojibwe, a federally
recognized Indian tribe, Minnesota; Miller County,
Missouri; Miller Place Fire District, New York; Mills
County; Milwaukee County, Wisconsin; Mineral
County; Minidoka County; Minneapolis, Minnesota ;
Minnesota Prairie Health Alliance; Mississippi Band of
Choctaw Indians, Mississippi; Missoula County,
Montana; Mitchell County; Moapa Band of Paiute
Indians, Nevada; Modoc Nation, f/k/a The Modoc Tribe
of Oklahoma; Mohave County, Arizona; Moniteau
County, Missouri; Monmouth County, New Jersey;
Monongalia County Commission; Monroe County;
Monroe County Board of County Commissioners, Ohio;
Monroe County, Georgia; Monroe County, Mississippi;
Montezuma Fire Protection District, California;
Montgomery County; Montgomery County Board of
County Commissioners; Montgomery County, Georgia;
Montgomery County, Kansas; Montgomery County,
Maryland; Montgomery County, Missouri;
Montgomery County, Tennessee; Montgomery County,
Virginia; Moore County; Morehouse Parish Police
Jury, Louisiana; Morgan City, Louisiana; Morgan
County Commission; Morgan County, Indiana;
Morgan County, Missouri; Morgan County, Tennessee;
Morrison County, Minnesota; Morrisville Borough,
Pennsylvania; Morrow County Board of County
Commissioners, Ohio; Mount Sinai Fire District, New
York; Mountrail County; Mower County, Minnesota;
Muckleshoot Indian Tribe; Municipality of Adjuntas,
Puerto Rico; Municipality of Arroyo, Puerto Rico;
Municipality of Barceloneta, Puerto Rico; Municipality
of Bayamon, Puerto Rico; Municipality of Caguas,
Puerto Rico; Municipality of Canovanas, Puerto Rico;
Municipality of Catano, Puerto Rico; Municipality of
Cayey, on behalf of itself and others similarly situated,
Puerto Rico; Municipality of Ceiba, Puerto Rico;
Municipality of Cidra, Puerto Rico; Municipality of
Coamo, Puerto Rico; Municipality of Guayanilla;
Municipality of Isla De Vieques, Puerto Rico;
Municipality of Juncos, Puerto Rico; Municipality of

32

**Loiza, Puerto Rico; Municipality of Norristown; Municipality of Rio Grande, Puerto Rico; Municipality of Sabana Grande, Puerto Rico, on behalf of itself and others similarly situated, Puerto Rico; Municipality of San Juan, of the Commonwealth of Puerto Rico; Municipality of Vega Alta, Puerto Rico; Municipality of Villalba, Puerto Rico; Municipality of Yabucoa, Puerto Rico; Muscatine County; Muskegon County, Michigan; Muskingum County Board of County Commissioners, Ohio; Narragansett Indian Tribe (RI); Natchitoches Parish Council; Native Village of Afognak, individually and on behalf of all those similarly situated, Alaska; Native Village of Port Heiden; Navajo County, Arizona; Navajo Nation, New Mexico, Arizona and Utah; Nesconset Fire District, New York; Neshoba County, Mississippi; New Hanover County; New Madrid County; New York State Department of Financial Services; Newberry County; Newton County, Georgia; Newtown Township, Pennsylvania; Nez Perce Tribe, Idaho; Nicholas County Commission; Nicholas County Fiscal Court, Kentucky; Nisqually Indian Tribe; Noble County, Ohio by the Noble County Commissioners; Nodaway County, Missouri; North Broward Hospital District; North Merrick Fire District, New York; North Patchogue Fire District; Northampton County, Virginia; Northeast Ambulance and Fire Protection District of St. Louis County, Missouri; Northern Arapaho Tribe; Northern Cheyenne Tribe, Montana; Northumberland County, Pennsylvania; Northumberland County, Virginia; Northwestern Band of the Shoshone Nation, Utah; Nye County, Nevada; Obion County, Tennessee; O'Brien County; Ocean County, New Jersey; Oconee County, Georgia; Oconto County; Oglala Lakota Sioux Tribe; Oglethorpe County, Georgia; Ohio County Commission; Ohio County Fiscal Court, on behalf of Ohio County; Olmsted County, Minnesota; Omaha Tribe of Nebraska; Oneida County; Oneida Nation; Onslow County; Orange County; Orange County, Indiana; Orland Fire Protection District, Illinois; Osage County, Missouri; Osage Nation; Osceola County; Otero County, Colorado; Otoe-Missouria Tribe of Indians, Oklahoma; Ottawa County Board of County Commissioners; Ouachita Parish Police Jury, Louisiana; Outagamie County; Overton County, Tennessee; Owyhee County; Ozark County, Missouri; Ozaukee County; Page County, Virginia; Paiute-Shoshone Tribe of the Fallon Reservation and Colony, Nevada; Pala Band of Mission Indians, California; Pamlico County; Panola County, Mississippi; Parish of DeSoto, Louisiana; Parish of Livingston, a Political**

Subdivision of the State of Louisiana; Parish of St. John the Baptist, Louisiana; Pascua Yaqui Tribe; Pasquotank County; Passaic County, New Jersey; Passamaquoddy Tribe-Indian Township, Maine; Passamaquoddy Tribe-Pleasant Point, Maine; Patrick County, Virginia; Pawnee Nation of Oklahoma, Oklahoma; Payette County; Peach County, Terry Deese in His Official Capacity as the Sheriff, Georgia; Pearl River County, Mississippi; Pembina County, North Dakota; Pemiscot County, (MO); Pendleton County Fiscal Court, Kentucky; Penn-Harris-Madison School Corp.; Penn-Harris-Madison School Corporation; Pennington County, South Dakota; Penobscot County, State of Maine; People of Alexander County; People of Hamilton County; People of Johnson County; People of Pulaski County; People of Schuyler County, Illinois; People of Shelby County; People of State of Illinois; People of the State of California; People of the State of California, by and through Alameda County Counsel Donna Ziegler; People of the State of California, by and through Anaheim City Attorney Robert Fabela; People of The State of California, by and through Costa Mesa City Attorney Kimberly Hall Barlow; People of The State of California, by and through El Monte City Attorney Rick Olivarez; People of the State of California, by and through Encinitas City Attorney Leslie Devaney; People of the State of California, by and through Fullerton and Westminster City Attorney Richard D. Jones; People of the State of California, by and through Irvine City Attorney Jeffrey Melching; People of the State of California, by and through Kern County Counsel Margo Raison; People of the State of California, by and through La Habra City Attorney Richard D. Jones; People of the State of California, by and through La Mesa City Attorney Glenn Sabine; People of the State of California, by and through Mara W. Elliott, City Attorney of San Diego; People of the State of California, by and through Oxnard City Attorney Stephen Fischer; People of the State of California, by and through Placentia City Attorney Christian Bettenhausen; People of the State of California, by and through San Clemente City Attorney Scott C. Smith; People of The State of California, by and through Santa Ana City Attorney Sonia R. Carvalho; People of the State of Illinois; People of the State of Illinois (Brandon J. Zanotti); People of the State of Illinois and LaSalle County, Illinois; People of the State of Illinois, Illinois; Illinois Public Risk Fund; Pepin County; Perry County; Perry County Board of County Commissioners, Ohio; Perry County Fiscal Court, Kentucky; Perry County, Mississippi; Person

County; Pettis County, Missouri; Phelps County, Missouri; Phillip Terrell, Duly Elected District Attorney for Rapides Parish, Louisiana; Piatt County, Illinois; Pickett County; Pickett County, Tennessee; Pierce County; Pierce County, Georgia; Pierce County, North Dakota; Pike County Board of County Commissioners, Ohio; Pike County, Georgia; Pike County, Missouri; Pike County, Pennsylvania; Pima County, a political subdivision of the State of Arizona; Pinal County, Arizona; Pine County, Minnesota; Pinoleville Pomo Nation, California; Pitt County; Pittsylvania County, Virginia; Piute County, Utah; Plains Township, Pennsylvania; Plainview-Old Bethpage Public Library, New York; Pleasant Valley School District; Pleasants County Commission; Plymouth County; Poarch Band of Creek Indians; Pocahontas County; Pocahontas County Commission; Pointe Coupee Parish Health Services District Number 1, Louisiana; Police Jury of the Parish of Pointe Coupee, Louisiana; Polk County; Polk County, Georgia; Polk County, Iowa; Polk County, Missouri; Ponca Tribe of Nebraska; Port Gamble S'Klallam Tribe; Port Washington Water District, New York; Portage County; Porter County, Indiana; Pottawattamie County; Potter Valley Tribe; Poweshiek County; Prairie Band of Potawatomi Nation; Prairie Island Indian Community, Minnesota; Prentiss County, Mississippi; Preston Bohannon in his Official Capacity as the Sheriff of Jeff Davis County, Georgia; Price County; Prince George County, Virginia; Prince Georges County, Maryland; Pueblo County, Colorado; Pueblo of Pojoaque, New Mexico; Pulaski Country, Georgia; Pulaski County, Indiana; Pulaski County, Missouri; Pulaski County, Virginia; Putnam County; Putnam County School Board, Individually, and on Behalf of All Others Similarly Situated; Puyallup Tribe of Indians, a/k/a Puyallup Tribe of the Puyallup Reservation; Pyramid Lake Paiute Tribe of The Pyramid Lake Reservation, Nevada; Quapaw Tribe of Oklahoma; Quechan Tribe of the Fort Yuma Indian Reservation; Quileute Tribe of the Quileute Reservation; Quinault Indian Nation; R. Chris Nevils, Duly Elected District Attorney of Winn Parish, Louisiana; R.N. 'Butch' Reece in his Official Capacity as the Sheriff of Jones County, Georgia; Rabun County, Georgia; Racine County; Ralls County; Ramsey Bennett in his Official Capacity as the Sheriff of Pierce County, Georgia; Ramsey County, Minnesota; Ramsey County, North Dakota; Randolph County; Randolph County Commission; Randolph County, Georgia; Randolph County, Missouri; Randy F. Royal in his Official Capacity as the Sheriff of Ware County,

Georgia; Randy Seal, Duly Elected Sheriff of
Washington Parish, In His Capacity As Officer Ex
Officio of the Washington Parish Sheriff's Office and
the Washington Parish Law Enforcement District,
Louisiana; Randy Smith, Sheriff of St. Tammany
Parish, Louisiana in his capacity as Officer Ex Officio
of the St. Tammany Parish Sheriffs Office and the St.
Tammany Parish Law Enforcement District, Louisiana;
Ransom County, North Dakota; Rapides Parish Police
Jury; Ray County, Missouri; Red Cliff Band of Lake
Superior Chippewa Indians; Red Lake Band of
Chippewa Indians, Minnesota; Red River Fire
Protection District, Louisiana; Red River Parish;
Redwood Valley or Little River Band of Pomo Indians
of Redwood Valley Rancheria, California; Reno-Sparks
Indian Colony, Nevada; Resighini Rancheria; Reynolds
County, Missouri; Rhea County; Rich County, Utah;
Richland County; Richland County Children's
Services; Richland County, North Dakota; Richland
County, South Carolina; Richland Parish, Louisiana;
Richmond County, North Carolina, the body politic;
Richmond County, Virginia; Rickey A. Jones, in His
Capacity as Sheriff on Behalf of the Tensas Parish
Sheriff's Office, Louisiana; Ridge Fire District, New
York; Rincon Band of Luiseno Indians, California;
Ripley County, Indiana; Ripley County, Missouri;
Ritchie County Commission; Roane County; Roane
County Commission; Roanoke County, Virginia;
Robeson County; Robert J. Carter, in his official
capacity as the District Attorney General for the
Seventeenth Judicial District, TN and on behalf of all
political subdivisions therein, including Bedford
County, Town of Bell Buckle, Town of Normandy, City
of Shelbyville, Town of Wartrace, Lincoln County, City
of Ardmore, City of Fayetteville, Town of Petersburg,
Marshall County, Town of Chapel Hill, Town of
Cornersville, City of Lewisburg, Moore County, City of
Lynchburg; Robinson Rancheria, California; Rock
County; Rockbridge County, Virginia; Rockdale
County, Georgia; Rockingham County; Rockingham
County, New Hampshire; Rockville Centre Public
Library, New York; Rockwall County, Texas; Rolette
County, North Dakota; Ronald Richardson, Duly
Elected Sheriff of Sabine Parish, In His Capacity As
officer Ex Officio of the Sabine Parish Sheriff's Office
and the Sabine Parish Law Enforcement Office,
Louisiana; Rosalyn Water District, New York; Roseau
County, Minnesota; Rosebud Sioux Tribe; Ross County
Board of County Commissioners, Ohio; Round Valley
Indian Health Center, Inc., California; Round Valley
Indian Tribes; Rowan County; Rusk County; Russell

County, Virginia; Russell Hasenbank, Seward County Attorney; Russell Johnson, in his official capacity as the District Attorney General for the Ninth Judicial District and on behalf of all political subdivisions therein, including Loudon County, City of Greenback, City of Lenoir City, City of Philadelphia,; Russell Johnson, in his official capacity as the District Attorney General for the Ninth Judicial District and on behalf of Town of Farragut, Town of Loudon, Morgan County, City of Harriman, City of Sunbright, City of Wartburg, Town of Oakdale,; Russell Johnson, in his official capacity as the District Attorney General for the Ninth Judicial District and on behalf of Town of Oliver Springs, Meigs County, Town of Decatur, Roane County, City of Kingston, City of Rockwood; Rutherford County; Rutherford County, Tennessee; Sabine Parish Police Jury, Louisiana; Sac and Fox Nation of Missouri in Kansas and Nebraska; Sac and Fox Nation, Oklahoma; Sac County; Sagadahoc County, State of Maine; Saginaw Chippewa Indian Tribe, Michigan; Saint Regis Mohawk Tribe, New York; Salt Lake County, Utah; Sampson County; San Carlos Apache Tribe; San Juan County; San Juan County, New Mexico; San Juan County, Utah; San Leandro Unified School District, a local education agency; Sandoval County, New Mexico; Sandusky County Board of Commissioners, Ohio; Sanpete County, Utah; Santa Rosa Rancheria Tachi Yokut Tribe; Santee Sioux Tribe of the Sioux Nation of the State of Nebraska; Sargent County, North Dakota; Sarpy County, Nebraska, a municipal corporation; Sauk County; Sault Ste. Marie Tribe of Chippewa Indians; Sawyer County; School Board of Miami-Dade County, Florida; School City of Mishawaka; Schuyler County, Missouri; Schuylkill County, Pennsylvania; Scioto County Board of County Commissioners, Ohio; Scotland County; Scott Anslum in his capacity as sheriff on behalf of the St. Mary Parish Sheriff's Office, Louisiana; Scott County; Scott County Board of Supervisors, Virginia; Scott County Fiscal Court, Kentucky; Scott County, Indiana; Scott County, Mississippi; Scott County, Missouri; Scott County, Tennessee; Scott R. Berry in his Official Capacity as the Sheriff of Oconee County, Georgia; Scotts Valley Band of Pomo Indians, California; Screven County, Georgia; Sedro-Woolley School District; Seminole County, Georgia; Seminole Tribe of Florida, Florida; Seneca County Board of County Commissioners, Ohio; Seneca Nation of Indians, New York; Sequatchie County; Sevier County; Sevier County, Utah; Shakopee Mdewakanton Sioux Community, Minnesota; Shannon County, Missouri; Shawano County; Sheboygan

County; Shelby County; Shelby County Board of
County Commissioners, Ohio; Shelby County, by the
Shelby County Board of Commissioners; Shelby
County, Missouri; Shenandoah County, Virginia;
Sheriff J. Larpenter, in his official capacity as Sheriff of
Terrebonne Parish; Shinnecock Indian Nation, New
York; Shoshone-Bannock Tribes, Idaho; Sibley County,
Minnesota; Sid J. Gautreaux, III, Duly Elected Sheriff
of East Baton Rouge Parish, in his Capacity as Officer
Ex Officio of the East Baton Rouge Parish Sheriffs
Office and the East Baton Rouge Parish Law
Enforcement District, Louisiana; Sioux County;
Sisseton-Wahpeton Oyate; Skagit County; Smith
County; Smith-Green Community Schools; Smithtown
Fire District, New York; Smyth County, Virginia;
Snohomish County, a Washington municipal
corporation; Socorro Independent School District;
Sokaogon Chippewa Community; Somerset County,
State of Maine; South Bend Community School Corp.;
South Bend Community School Corporation; South
Farmingdale Fire District, New York; South Fork Band
of The Te-Moak Tribe of Western Shoshone Indians,
Nevada; South Sunflower County Hospital;
Southcentral Foundation; Southwestern Central School
District, Individually, and on Behalf of All Others
Similarly Situated; Spalding County, Georgia; Spirit
Lake Tribe, North Dakota; Spokane County;
Springfield Township; St. Bernard Parish Coroner's
Office; St. Bernard Parish Government; St. Bernard
Parish School Board; St. Charles County, Missouri; St.
Charles Parish; St. Clair County; St. Clair County,
Missouri; St. Croix Chippewa Indians of Wisconsin; St.
Croix County; St. Francois County, Missouri; St. James
Fire District, New York; St. James Parish School
Board; St. James Parish, Louisiana; St. Joseph County,
Indiana; St. Landry Parish, Louisiana President
William K. ''Bill'' Fontenot, Jr.; St. Louis County,
Minnesota; St. Louis County, Missouri; St. Martin
Parish, Louisiana; St. Mary Parish School Board,
Louisiana; St. Mary Parish, Louisiana; St. Tammany
Fire Protection District No. 1, Louisiana; St. Tammany
Fire Protection District No. 12, Louisiana; St.
Tammany Fire Protection District No. 13, Louisiana;
St. Tammany Fire Protection District No. 2, Louisiana;
St. Tammany Fire Protection District No. 3, Louisiana;
St. Tammany Fire Protection District No. 4, Louisiana;
St. Tammany Fire Protection District No. 5, Louisiana;
St. Tammany Parish Coroners Office and Dr. Charles
Preston, in his official capacity as the Coroner of St.
Tammany Parish, Louisiana; St. Tammany Parish
Government, Louisiana; Stafford County, Virginia;

**Standing Rock Sioux Tribe; Stark County, North Dakota; Stark County, Ohio Board of County Commissioners; Starke County, Indiana; State of Delaware, ex rel. Kathleen Jennings, Attorney General of the State of Delaware; State of Georgia; State of Hawaii, Ex Rel. Clare E. Connors, Attorney General; State of Idaho, through Attorney General Lawrence G. Wasden; State of Mississippi; State of Missouri, ex rel. Eric S. Schmitt, in his official capacity as Missouri Attorney General; State of Nevada; State of New Mexico, ex rel., Hector Balderas, Attorney General; State of Ohio ex rel. Dave Yost, Ohio Attorney General; State of Ohio Ex Rel. Mathias H. Heck, Jr., Prosecuting Attorney; State of Ohio Ex Rel. Prosecuting Attorney of Medina County, S. Forrest Thompson; State of Ohio Ex Rel. Prosecuting Attorney of Tuscarawas County, Ryan Styer; State of Ohio Ex Rel., The Director of Law for the City of Barberton, Lisa Miller, The Director of Law for the City of Tallmadge, Megan Raber; State of Ohio Ex. Rel. Prosecuting Attorney of Stark County, John D. Ferrero; State of Oregon ex rel. Ellen F. Rosenblum, Attorney General for the State of Oregon; State of South Dakota ex rel. Jason R. Ravnsborg, South Dakota Attorney General; State of Tennessee ex rel. Barry Staubus; State of Tennessee ex rel. Dan Armstrong; State of Tennessee ex rel. Tony Clark; State of Tennessee, ex rel. Herbert H. Slatery III, Attorney General and Reporter; State of West Virginia; Ste. Genevieve County; Steele County, Minnesota; Stephen Crump, in his official capacity as the District Attorney General for the Tenth Judicial District and on behalf of all political subdivisions therein, including Bradley County, City of Cleveland, City of Charleston, Monroe County; Stephen Crump, in his official capacity as the District Attorney General for the Tenth Judicial District and on behalf of City of Ducktown, Town of Benton; Stephen Crump, in his official capacity as the District Attorney General for the Tenth Judicial District and on behalf of City of Madisonville, City of Sweetwater, Town of Tellico Plains, Town of Vonore, McMinn County, City of Athens, City of Etowah; Stephen Crump, in his official capacity as the District Attorney General for the Tenth Judicial District and on behalf of City of Niota, City of Sweetwater, Town of Calhoun, Town of Englewood, Polk County, City of Copperhill,; Stephens County, Georgia; Steven McCain, Duly Elected Sheriff of Grant Parish, Louisiana, in his Capacity as Officer Ex Officio of the Grant Parish Sheriff's Office and the Grant Parish Law Enforcement District; Stockbridge-Munsee Community; Stokes County; Stone County; Stone**

County, Mississippi; Stony Brook Fire District, New York; Strafford County, New Hampshire; Superintendent of Financial Services of the State of New York in her Capacities as Administrator of the New York Workers' Compensation Fund under Article 6-A of the New York Workers' Compensation Law, and as Receiver for Various Receivership Estates; Sugar Notch Borough, Pennsylvania; Sullivan County, New Hampshire; Summit County Public Health; Summit County, Utah; Sumner County, Tennessee; Sumter County; Sumter County, Georgia; Sunflower County, Mississippi; Suquamish Tribe; Surry County; Sussex County, Delaware; Sussex County, New Jersey; Sweetwater County, Wyoming; Sycuan Band of Kumeyaay Nation; Talbot County, Maryland; Taliaferro County, Georgia; Tallahatchie County, Mississippi; Tama County; Tanana Chiefs Conference, Alaska; Taney County; Tate County, Mississippi; Tattnall County, Georgia; Taylor County; Tazewell County, Virginia; Telfair County, Chris Steverson in His Official Capacity as the Sheriff, Georgia; Terrebonne Parish Consolidated Government, Louisiana; Texarkana Independent School District; Texas County; The Blackfeet Tribe of the Blackfeet Indian Reservation; The Board of Commissioners of the County of Allen, Indiana; The Board of Commissioners of the County of Franklin, Indiana; The Board of County Commissioners for Stanton County, Kansas; The Board of County Commissioners of Delaware County, State of Oklahoma; The Board of County Commissioners of Garvin County, State of Oklahoma; The Board of County Commissioners of McClain County, State of Oklahoma; The Board of County Commissioners of Ottawa County, State of Oklahoma; The Board of County Commissioners of Pawnee County, State of Oklahoma; The Board of County Commissioners of the County of Crawford, Kansas; The Board of County Commissioners of the County of Ford, State of Kansas; The Board of County Commissioners of the County of Neosho, Kansas; The Board of County Counsellors for Wabaunsee County, Kansas; The Board of Education of Ellsworth School Department; The Borough of Ridgefield; The Catawba Nation; The Central Lyon County Fire Protection District; The Cherokee Nation, Oklahoma; The City of Arlington, Georgia, a Municipal Corporation; The City of Atlanta, Georgia; The City of Barberton; The City of Blakely, Georgia, a Municipal Corporation; The City of Broadview Heights, Ohio; The City of Brunswick; The City of Buckhannon, West Virginia; The City of Columbus; The City of Cuyahoga Falls; The City of

Damascus, Georgia, a Municipal Corporation; The City of Dayton; The City of Elyria; The City of Euclid, Ohio; The City of Fairlawn; The City of Fall River, Massachusetts; The City of Fernley; The City of Fitchburg, Massachusetts; The City of Fitzgerald, Georgia; The City of Garfield Heights, Ohio; The City of Green; The City of Manchester; The City of Montgomery, West Virginia, a West Virginia municipal corporation; The City of Mount Vernon, New York; The City of Munroe Falls; The City of New Castle; The City of New Franklin; The City of Newark, New Jersey; The City of North Olmsted; The City of North Ridgeville, Ohio; The City of Norton; The City of Olmsted Falls; The City of Paducah, Kentucky, a Home Rule Class City in the Commonwealth of Kentucky; The City of Palos Hills; The City of Parma Heights; The City of Quincy, Massachusetts; The City of Sacramento; The City of Sedalia, Pettis County, Missouri; The City of Springfield, Missouri; The City of Stow; The City of Strongsville; The City of Tallmadge; The City of Waterbury; The City of Wauwatosa; The City of West Allis; The City of Woodbury, Georgia, a Municipal Corporation, Georgia; The Commonwealth of Pennsylvania by James B. Martin, District Attorney of Lehigh County; The County Commission of Craig County, Oklahoma; The County Commission of Grant County; The County Commission of Mineral County; The County Commission of Monroe County; The County of Ashtabula; The County of Ballard, Kentucky, a Political Subdivision of the Commonwealth of Kentucky; The County of Cayuga; The County of Chemung, New York; The County of Chenango, New York; The County of Columbia, New York; The County of Cortland, New York; The County of Essex; The County of Floyd; The County of Fulton; The County of Hamilton, New York; The County of Jefferson; The County of Knott; The County of Lorain; The County of Macon, Georgia, a Municipal Corporation, Georgia; The County of McCracken, Kentucky, a Political Subdivision of the Commonwealth of Kentucky; The County of Montgomery; The County of Mora; The County of Niagara; The County of Ontario; The County of Orleans; The County of Oswego; The County of Peach, Georgia, a Municipal Corporation, Georgia; The County of Pike, Kentucky; The County of Putnam, New York; The County of Rio Arriba, New Mexico; The County of Roosevelt, New Mexico; The County of Schley, Georgia, a Municipal Corporation, Georgia; The County of Tioga, New York; The County of Wilcox, Georgia, a Municipal Corporation; The County of Yates, New York; The

41

Fiscal Court of Adair County, on behalf of Adair County, Kentucky; The Fiscal Court of Allen County, on behalf of Allen County; The Fiscal Court of Anderson County; The Fiscal Court of Bath County, on behalf of Bath County, Kentucky; The Fiscal Court of Bell County; The Fiscal Court of Boone County; The Fiscal Court of Bourbon County, Kentucky; The Fiscal Court of Boyd County; The Fiscal Court of Boyle County on behalf of Boyle County; The Fiscal Court of Bracken County, on behalf of Bracken County; The Fiscal Court of Bullitt County, on behalf of Bullitt County; The Fiscal Court of Calloway County, Kentucky; The Fiscal Court of Campbell County, on behalf of Campbell County; The Fiscal Court of Carlisle County; The Fiscal Court of Carter County, on behalf of Carter County; The Fiscal Court of Christian County, on Behalf of Christian County; The Fiscal Court of Clark County, on behalf of Clark County; The Fiscal Court of Clay County; The Fiscal Court of Clinton County Kentucky; The Fiscal Court of Cumberland County; The Fiscal Court of Elliott County, on behalf of Elliott County, Kentucky; The Fiscal Court of Estill County, on Behalf of Estill County; The Fiscal Court of Fleming County; The Fiscal Court of Franklin County; The Fiscal Court of Garrard County; The Fiscal Court of Greenup County; The Fiscal Court of Harlan County; The Fiscal Court of Henderson County; The Fiscal Court of Henry County; The Fiscal Court of Hickman County Kentucky; The Fiscal Court of Hopkins County, on behalf of Hopkins County; The Fiscal Court of Jessmine County; The Fiscal Court of Kenton County, on Behalf of Kenton County; The Fiscal Court of Knox County; The Fiscal Court of Laurel County; The Fiscal Court of Leslie County; The Fiscal Court of Letcher County, on Behalf of Letcher County, Kentucky; The Fiscal Court of Lincoln County; The Fiscal Court of Marshall County, on Behalf of Marshall County; The Fiscal Court of Martin County, on behalf of Martin County, Kentucky; The Fiscal Court of McLean County Kentucky; The Fiscal Court of Montgomery County, on Behalf of Montgomery County, Kentucky; The Fiscal Court of Oldham County, Kentucky; The Fiscal Court of Owen County, Kentucky; The Fiscal Court of Owsley County, on Behalf of Owsley County, Kentucky; The Fiscal Court of Powell County, on Behalf of Powell County, Kentucky; The Fiscal Court of Pulaski County, Kentucky; The Fiscal Court of Rowan County, on behalf of Rowan County, Kentucky; The Fiscal Court of Shelby County; The Fiscal Court of Spencer County; The Fiscal Court of Union County; The Fiscal Court of

Wayne County, on behalf of Wayne County, Kentucky;
The Fiscal Court of Whitley County; The Fiscal Court
of Woodford County, Kentucky on behalf of Woodford
County, Kentucky; The Gilmer County Commission;
The Hoopa Valley Tribe; The Klamath Tribes; The
Law Director for Copley Township, Irving B.
Sugerman, The Law Director for Coventry Township,
Irving B. Sugerman, The Solicitor for The Village of
Lakemore, Irving B. Sugerman, The Solicitor for The
Village of Peninsula, Brad Bryan,; The Law Director
for the City of Cuyahoga Falls, Russ Balthis, The Law
Director for the City of Fairlawn, Bryan Nace, The Law
Director for the City of Green, Interim Law Director
Bill Chris,; The Law Director for the City of Mogadore,
Marshall M. Pitchford, The Law Director for the City
of Munroe Falls, Tom Kostoff, The Law Director for
the City of New Franklin, Irving B. Sugerman, The Law
Director for the City of Norton, Justin Markey,; The
Law Director for the City of Stow, Amber Zibritosky,
The Village Solicitor for the Village of Boston Heights,
Marshal Pitchford, The Solicitor for Boston Township,
Ed Pullekins, Solicitor for the Village of Clinton,
Marshal Pitchford,; The Law Solicitor for the Village of
Richfield, William Hanna, The Solicitor The Village of
Silver Lake, Bob Heydorn, and The Administrator &
Legal Counsel for Springfield Township, Warren Price;
The Makah Indian Tribe, a federally Recognized Indian
Tribe; The Mayor and Aldermen of The City of
Savannah, a Georgia municipal corporation; The
Mayor and Common Council of Westminster,
Maryland; The Mayor and Council of Rockville,
Maryland; The Mohegan Tribe of Indians of
Connecticut; The Muscogee (Creek) Nation; The North
Lyon County Fire Protection District; The Parish of
Jefferson; The People of Bond County; The People of
Calhoun County, Illinois; The People of Coles County;
The People of Edwards County; The People of
Effingham County; The People of Franklin County;
The People of Gallatin County; The People of Hardin
County; The People of Jasper County; The People of
Jersey County; The People of Lawrence County; The
People of Lee County; The People of Lehigh County;
The People of Livingston County; The People of Marion
County; The People of Massac County; The People of
Saline County; The People of Sangamon County; The
People of Union County; The People of Wabash
County; The People of Washington County; The People
of White County; The People of Winnebago County;
The Ponca Tribe of Indians of Oklahoma; The Squaxin
Island Indian Tribe; The State of Ohio Ex Rel.
Prosecuting Attorney of Fayette County, Jess Weade;

The State of Ohio Ex Rel. Prosecuting Attorney of
Portage County, Victor V. Vigluicci; The State of Ohio
ex. rel. the Director of Law of the City of Cleveland,
Barbara A. Langhenry, Ohio; The Swinomish Tribe;
The Town of Amherst, New York; The Town of Berlin;
The Town of Bethlehem; The Town of Bulls Gap,
Tennessee; The Town of Cheektowaga, New York; The
Town of Clendenin, West Virginia, a West Virginia
municipal corporation; The Town of Coventry; The
Town of Forest Heights; The Town of Lancaster, New
York; The Town of Middlebury; The Town of Mount
Carmel, Tennessee; The Town of New Milford; The
Town of Prospect; The Town of Rogersville, Tennessee;
The Town of Roxbury; The Town of Seymour; The
Town of Sophia, West Virginia, a West Virginia
municipal corporation; The Town of Stratford; The
Town of Surgoinsville, Tennessee; The Town of
Tonawanda; The Town of Upper Marlboro; The Town
of Wappinger, New York; The Town of Whitesville,
West Virginia, a West Virginia municipal corporation;
The Town of Wolcott; The Township of Lyons, Illinois;
The Township of Painesville; The Tunica Biloxi Tribe
of Louisiana; The Unified Government of Athens-
Clarke County, Georgia; The Village of Bedford Park,
Illinois; The Village of Boston Heights; The Village of
Clinton; The Village of Lakemore; The Village of
Lyons, Illinois; The Village of Mogadore; The Village of
Mount Pleasant; The Village of Peninsula; The Village
of Richfield; The Village of Silver Lake; The Village of
Summit, Illinois; The Village of Union Grove; The
Village of Wappingers Falls, New York; The Village of
Yorkville; The White Mountain Apache Nation; The
Yurok Tribe, California; Thlopthlocco Tribal Town;
Three Affiliated Tribes, North Dakota; Thurston
County; Tim Liesmann, Wabaunsee County Attorney;
Tioga County; Tippah County, Mississippi; Tippecanoe
County, Indiana; Tishomingo County, Mississippi;
Tohono O'Odham Nation, Arizona; Toney Edwards, in
His Capacity as Sheriff on Behalf of the Catahoula
Parish Sheriff's Office, Louisiana; Tonto Apache Tribe,
Arizona; Tony Clark, in his official capacity as the
District Attorney General for the First Judicial District
and on behalf of all political subdivisions therein,
including Carter County, City of Elizabethton, City of
Watauga, Johnson County, City of Mountain City,
Unicoi County, Town of Unicoi, Town of Erwin,
Washington County, City of Johnson City, Town of
Jonesborough; Tony Mancuso, Sheriff of Calcasieu
Parish, in his Capacity as Officer Ex Officio of the
Calcasieu Parish Sheriff's Office and the Calcasieu
Parish Law Enforcement District, Louisiana; Tooele

44

County, Utah; Toombs County, Georgia; Torres Martinez Desert Cahuilla Indians, California; Town of Abita Springs, Louisiana; Town of Acushnet, Massachusetts; Town of Agawam, Massachusetts; Town of Alexandria; Town of Andover; Town of Aquinnah, Massachusetts; Town of Arcola, Mississippi; Town of Arlington, Tennessee; Town of Athol, Massachusetts; Town of Atlanta, Indiana; Town of Auburn; Town of Ayer, Massachusetts; Town of Babylon, New York; Town of Babylon, NY; Town of Baldwin, Louisiana; Town of Barnstable, Massachusetts; Town of Barrington, Rhode Island, a municipal corporation; Town of Baxter; Town of Beacon Falls; Town of Belchertown, Massachusetts; Town of Belle, West Virginia; Town of Bennington, Vermont; Town of Berwick, Louisiana; Town of Billerica, Massachusetts; Town of Braintree, Massachusetts; Town of Brattleboro; Town of Brewster, Massachusetts; Town of Bridgewater, Massachusetts; Town of Bristol, Rhode Island, a municipal corporation; Town of Brookhaven, New York; Town of Brookline, Massachusetts; Town of Brownstown, Indiana; Town of Burrillville, Rhode Island, a municipal corporation; Town of Caledonia, Mississippi; Town of Canton, Massachusetts; Town of Carver, Massachusetts; Town of Centertown; Town of Centerville, Tennessee; Town of Ceredo, West Virginia; Town of Chandler, Indiana; Town of Charlestown, Rhode Island, a municipal corporation; Town of Charlton, Massachusetts; Town of Chelmsford, Massachusetts; Town of Chesapeake, West Virginia; Town of Clarksburg, Massachusetts; Town of Clarkstown, New York; Town of Clinton, Massachusetts; Town of Clinton, New Jersey; Town of Cornersville; Town of Cottage City; Town of Coventry, Rhode Island, a municipal corporation; Town of Cumberland, Rhode Island, a municipal corporation; Town of Dandridge, Tennessee; Town of Danvers, Massachusetts; Town of Danville, Indiana; Town of Decatur, Tennessee; Town of Dedham, Massachusetts; Town of Delhi, Louisiana; Town of Dennis, Massachusetts; Town of Derry, New Hampshire, a municipal corporation; Town of Douglas, Massachusetts; Town of Dudley, Massachusetts; Town of East Bridgewater, Massachusetts; Town of East Greenwich, Rhode Island, a municipal corporation; Town of East Hartford; Town of Eastham, Massachusetts; Town of Easton, Massachusetts; Town of Eleanor, West Virginia; Town of Elizabeth; Town of Enfield, Connecticut; Town of Fairfield; Town of Fairhaven, Massachusetts; Town of Falmouth,

Massachusetts; Town of Ferriday, Louisiana; Town of Fort Gay, West Virginia; Town of Foster, Rhode Island, a municipal corporation; Town of Freetown, Massachusetts; Town of Gauley Bridge, West Virginia, a West Virginia municipal corporation; Town of Georgetown, Massachusetts; Town of Glenville, West Virginia; Town of Glocester, Rhode Island, a municipal corporation; Town of Grafton, Massachusetts; Town of Gramercy; Town of Granville, West Virginia; Town of Hanson, Massachusetts; Town of Harrisville; Town of Haverstraw, New York; Town of Hempstead, New York; Town of Holliston, Massachusetts; Town of Hopedale, Massachusetts; Town of Hopkinton, Rhode Island, a municipal corporation; Town of Hudson; Town of Hull, Massachusetts; Town of Huntington, New York; Town of Islip, New York; Town of Jamestown, Rhode Island, a municipal corporation; Town of Jean Lafitte, Louisiana; Town of Johnston, Rhode Island, a municipal corporation; Town of Kingston, Massachusetts; Town of Lake Providence, Louisiana; Town of Lakeville, Massachusetts; Town of Leakesville, Mississippi; Town of Leicester, Massachusetts; Town of Leverett, Massachusetts; Town of Londonderry, New Hampshire, a municipal corporation; Town of Longmeadow, Massachusetts; Town of Ludlow, Massachusetts; Town of Lunenberg, Massachusetts; Town of Lutcher; Town of Lynnfield, Massachusetts; Town of Madison, West Virginia; Town of Madisonville, Louisiana; Town of Marblehead, Massachusetts; Town of Marshfield, Massachusetts; Town of Mashpee, Massachusetts; Town of Mattapoisett, Massachusetts; Town of McLain, Mississippi; Town of Middleborough, Massachusetts; Town of Middletown, Rhode Island, a municipal corporation; Town of Milford, Massachusetts; Town of Millbury, Massachusetts; Town of Millis, MA; Town of Monroe, Connecticut; Town of Mooresville, Indiana; Town of Mount Pleasant; Town of Nantucket, Massachusetts; Town of Narragansett, Rhode Island, a municipal corporation; Town of Natick, Massachusetts; Town of Newtown; Town of North Andover, Massachusetts; Town of North Attleborough, Massachusetts; Town of North Brentwood; Town of North Haven; Town of North Hempstead, New York; Town of North Kingstown, Rhode Island, a municipal corporation; Town of North Providence, Rhode Island, a municipal corporation; Town of North Reading, Massachusetts; Town of Northbridge, Massachusetts; Town of Norton, Massachusetts; Town of Norwell, Massachusetts; Town of Norwood, Massachusetts; Town of Orange, Massachusetts; Town of Orangetown,

New York; Town of Oxford; Town of Oxford, Massachusetts; Town of Oyster Bay, New York; Town of Palmer, Massachusetts; Town of Pearl River, Louisiana; Town of Pembroke, Massachusetts; Town of Pendleton; Town of Plainfield, Indiana; Town of Plainville, Massachusetts; Town of Plymouth, Massachusetts; Town of Portsmouth, Rhode Island, a municipal corporation; Town of Poughkeepsie; Town of Provincetown, Massachusetts; Town of Quinwood, West Virginia, a West Virginia municipal corporation; Town of Rainelle, West Virginia, a West Virginia municipal corporation; Town of Ramapo, NY; Town of Randolph, Massachusetts; Town of Ravenswood; Town of Rehoboth, Massachusetts; Town of Richlands, Virginia; Town of Richmond, Rhode Island; Town of Richwood, Louisiana; Town of Riverhead, New York; Town of Rockland, Massachusetts; Town of Romney, West Virginia; Town of Rupert, West Virginia, a West Virginia municipal corporation; Town of Rutledge; Town of Salisbury, Massachusetts; Town of Sandwich, Massachusetts; Town of Scituate, Massachusetts; Town of Scituate, Rhode Island, a municipal corporation; Town of Seekonk, Massachusetts; Town of Sharon, Vermont; Town of Sheffield, Massachusetts; Town of Sheridan; Town of Shirley, Massachusetts; Town of Shubuta, Mississippi; Town of Smithfield, Rhode Island; Town of Smithtown, New York; Town of Somerset, Massachusetts; Town of South Hadley, Massachusetts; Town of South Kingstown, Rhode Island; Town of Southampton, New York; Town of Southbridge, Massachusetts; Town of Southbury; Town of Southington; Town of Southold, New York; Town of Spencer, Massachusetts; Town of Star City, West Virginia; Town of Stoneham, Massachusetts; Town of Stony Point, New York; Town of Stoughton, Massachusetts; Town of Sturbridge, Massachusetts; Town of Sudbury, Massachusetts; Town of Summerville; Town of Summit, Mississippi; Town of Sutton, Massachusetts; Town of Sutton, West Virginia, a West Virginia municipal corporation; Town of Swampscott, Massachusetts; Town of Templeton, Massachusetts; Town of Tewksbury, Massachusetts; Town of Thomaston; Town of Tolland; Town of Truro, Massachusetts; Town of Tyngsborough, Massachusetts; Town of Upland, Indiana; Town of Upton, Massachusetts; Town of Wakefield, Massachusetts; Town of Wallingford, Connecticut; Town of Walpole, Massachusetts; Town of Wappinger, New York; Town of Ware, Massachusetts; Town of Warren, Massachusetts; Town of Warren, Rhode Island, a municipal corporation; Town of Wartrace; Town of

Watertown, Massachusetts; Town of Wellfleet, Massachusetts; Town of West Boylston, Massachusetts; Town of West Bridgewater, Massachusetts; Town of West Greenwich, Rhode Island; Town of West Springfield, Massachusetts; Town of West Tisbury, Massachusetts; Town of West Warwick, Rhode Island; Town of Westerly, Rhode Island; Town of Westford, Massachusetts; Town of Wethersfield, Connecticut; Town of Weymouth, Massachusetts; Town of Williamsburg, Massachusetts; Town of Wilmington, Massachusetts; Town of Winchendon, Massachusetts; Town of Windham, Connecticut; Town of Winthrop, Massachusetts; Town of Woodbury; Town of Zionsville, Indiana; Towner County, North Dakota; Towns County, Georgia; Township of Barnegat; Township of Bensalem; Township of Bloomfield, NJ; Township of Brick (NJ); Township of Irvington, New Jersey; Township of Saddlebrook, New Jersey; Township of Teaneck, New Jersey; Township of West Norriton; Trempeale County; Tri-County Health Department; Tri-County Health Department, Utah; Troup County, Georgia; Tulalip Tribes; Tule River Indian Tribe of California, California; Tunica County, Mississippi; Turtle Mountain Band of Chippewa Indians, North Dakota; Twiggs County, Georgia; Twin Falls County, Idaho; Tyler County Commission; Tyrrell County; Uintah County, Utah; Unified Government of Macon-Bibb County, Georgia; Unified Government of Wyandotte County/ Kansas City, Kansas; Union County; Union County, Georgia; Union County, Mississippi; Union County, New Jersey; Union Parish, Louisiana; Union Township; Uniondale Fire District, New York; United Keetoowah Band of Cherokee Indians; University of Louisiana System, Louisiana; Upper Sioux Community, Minnesota; Upshur County Commission; Utah County, Utah; Valley Fire District; Van Buren County; Van Wert County Board of County Commissioners; Vance County; Vanderburgh County, Indiana; Vermilion Parish Police Jury, Louisiana; Vernon County; Vernon County, Missouri; Vernon Parish Police Jury, Louisiana; Vigo County, Indiana; Vilas County; Village of Addison; Village of Amityville, New York; Village of Babylon, New York; Village of Bellport, New York; Village of Bellwood; Village of Bensenville; Village of Berkeley; Village of Bolingbrook; Village of Branch, New York; Village of Bridgeview, Illinois; Village of Broadview; Village of Brooklyn Heights; Village of Chicago Ridge; Village of Dolton; Village of Evergreen Park, Illinois; Village of Forest Park; Village of Franklin Park; Village of Great Neck, NY; Village of Greenport, New York; Village of

48

Harwood Heights; Village of Hempstead, New York; Village of Herkimer, New York; Village of Hillside; Village of Hodgkins, Illinois; Village of Hoffman Estates; Village of La Grange Park; Village of Lexington; Village of Maywood; Village of McCook; Village of Melrose Park; Village of Merrionette Park; Village of Millerton, New York; Village of Newburgh Heights; Village of North Riverside; Village of Oak Lawn; Village of Oak Park; Village of Orland Park; Village of Pleasant Prairie, Wisconsin; Village of Port Washington North, New York; Village of Posen; Village of River Forest; Village of River Grove; Village of Riverside; Village of Saltaire, New York; Village of Schiller Park; Village of Stewart Manor, New York; Village of Stone Park; Village of Sturtevant; Village of Suffern, New York; Village of the Branch, New York; Village of Tinley Park, Illinois; Village of Wappinger Falls, New York; Village of West Haverstraw, New York; Vinton County Board of County Commissioners, Ohio; Waldo County, State of Maine; Walker River Paiute Tribe of the Walker River Reservation, Nevada; Walla Walla County; Walsh County, North Dakota; Walthall County, Mississippi; Walton County, Georgia; Walworth County, Wisconsin; Wampanoag Tribe of Gay Head (Aquinnah); Wampum Borough, Pennsylvania; Ward County, North Dakota; Warminster Township, Pennsylvania; Warren County; Warren County, and all other similarly situated, Virginia; Warren County, Georgia; Warren County, Missouri; Warren Montgomery, Duly Elected 22nd Judicial District Attorney for the Parishes of St. Tammany and Washington, Louisiana; Warrensville Heights, Ohio; Warrington Township, Pennsylvania; Wasatch County, Utah; Waseca County, Minnesota; Washburn County; Washington County; Washington County, Georgia; Washington County, Mississippi; Washington County, Ohio by its Commissioners 204 Davis Avenue, Marietta, Ohio 45750; Washington County, State of Maine; Washington County, Tennessee; Washington County, Utah; Washington County, Virginia; Washington Parish Government, Louisiana; Washoe County, a political subdivision of the State of Nevada; Watauga County; Waukegan Community Unit School District; Waukesha County, Wisconsin; Waupaca County, Wisconsin; Waushara County; Wayne County; Wayne County Board of County Commissioners, Ohio; Wayne County Commission; Wayne County, Georgia; Wayne County, Mississippi; Wayne County, Utah; Weber County, Utah; Webster County; Webster County, Missouri; Webster Parish; Wells County, North Dakota; West

**Baton Rouge Fire Protection District No. 1, Louisiana; West Baton Rouge Parish; West Carroll Parish Police Jury, Louisiana; West Hempstead Public Library, New York; West Pittston, PA; Westmoreland County, Virginia; Wetzel County Commission; Whatcom County; White County; White Earth Nation, Minnesota; White Pine County; Whitfield County, Georgia; Whitman County; Wilkes County; Wilkes County, Georgia; Wilkes-Barre Township, Pennsylvania; Wilkinson County, Georgia; Will County, Illinois; William C. Massee, Jr., In His Official Capacity as the Sheriff of Baldwin County, Georgia; William Hilton, Duly Elected Sheriff of Rapides Parish, in his Capacity as Officer Ex Officio of the Rapides Parish Sheriffs Office and the Rapides Parish Law Enforcement District, Louisiana; Williams County Board of County Commissioners, Ohio; Williams County, North Dakota; Williamson County, Illinois; Williamson County, Tennessee; Winn Parish, By and Through Its Duly Elected Police Jury, Louisiana; Winnebago County; Winnebago Tribe of Nebraska; Winneshiek County; Winona County, Minnesota; Wirt County Commission; Wise County Board of Supervisors; Wood County; Wood County Commission; Worth County; Worth County, Georgia; Worth County, Missouri; Wright County; Wright County, Minnesota; Wright County, Missouri; Wright Township, Pennsylvania; Wyandot County Board of County Commissioners; Wyandotte Nation; Wydette Williams, Duly Elected Sheriff of East Carroll Parish, in his Capacity as Officer Ex Officio of the East Carroll Parish Sheriff's Office and the East Carroll Parish Law Enforcement District, Louisiana; Wyoming County Board of Education; Wyoming County, Pennsylvania; Wyoming, Pennsylvania; Wythe County, Virginia; Yadkin County; Yalobusha County, Mississippi; Yancey County, North Carolina; Yellow Medicine County, Minnesota; Yerington Paiute Tribe, Nevada; York County, State of Maine; Yukon-Kuskokwim Health Corporation; Yuma County; Zuni Tribe of the Zuni Reservation**

**Defendants.**

## DEBTORS' COMPLAINT FOR INJUNCTIVE RELIEF

Endo International plc and its debtor affiliates, as debtors and debtors in possession

(collectively, the "Debtors" and, together with their non-debtor affiliates, the "Company") in the

50

above-captioned chapter 11 cases (the "Chapter 11 Cases"), and as Plaintiffs in the above-captioned adversary proceeding, allege for their Complaint (this "Complaint"), upon knowledge of their own acts and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1.     This adversary proceeding is brought pursuant to Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") to enjoin, for a period of 270 days from the issuance of the injunction, the judicial, administrative, and other actions and proceedings pending against the Debtors[2] brought by numerous governmental entities including but not limited to states, counties, cities, municipalities, public hospitals, school districts, and Native American tribes (the "Governmental Defendants"), which are identified in Exhibit A to this Complaint (the "Covered Actions"), as well as the commencement or continuation of any new judicial, administrative, and other actions and proceedings alleging substantially similar facts or claims for relief.[3]

2.     The Debtors enter these Chapter 11 Cases with a framework in place to preserve and maximize the value of their estates, to provide funding for these Chapter 11 Cases and the Debtors' ongoing operations, and to provide creditors with a transparent restructuring process.  That framework is reflected in the binding restructuring support agreement ("RSA") in place between the Debtors and an ad hoc group of their first lien secured creditors.  As further

---

[2]     The term "Debtors" is used herein for ease of reference, but only certain of the Debtors engaged in the manufacture or sale of prescription opioid medications, and only certain of the Debtors are named as defendants in the litigations and proceedings described herein.

[3]     In addition to the Covered Actions (defined below), the Debtors have been responding to investigative demands issued by various components of the United States Department of Justice ("DOJ").  To avoid any doubt, the Debtors in no way seek to enjoin those investigations.   The Debtors reserve their rights to pursue any and all forms of relief, including injunctive relief, as to the DOJ; and the DOJ's rights are reserved with respect to opposing any such relief that may be sought by the Debtors.

described in the Debtors' First Day Declaration,[4] the RSA contemplates the Debtors' consensual use of hundreds of millions of dollars of cash collateral to fund the Chapter 11 Cases, and provides the Debtors the opportunity to continue through a court-supervised sale process the value-maximizing restructuring and sale process they commenced prepetition.  The Debtors believe a successful sale and reorganization can be achieved, but that outcome may be jeopardized in the absence of a uniform stay of litigation of the Covered Actions to prevent the erosion of the Debtors' estates and to provide the Debtors with the breathing spell necessary to execute upon the RSA and continue ongoing discussions with stakeholders in furtherance of an orderly resolution of the Chapter 11 Cases.

   3.  The Debtors are currently defendants in more than 3,100 civil actions pending in state and federal courts around the country related principally to their historical alleged sale and marketing practices for their prescription opioid medications (the "Opioid Actions").  In recent years, the overhang of the Opioid Actions has impacted nearly every aspect of the Debtors' business and operations, and has placed significant burdens upon the Debtors' leadership and key employees, diverting their time and focus away from day-to-day operations, their core responsibilities, and other strategic initiatives.  The economic impact also has been substantial: the Debtors incurred expenses of more than $136 million in 2021, and $32.7 million in the first quarter of 2022 in connection with opioid-related legal matters.

   4.  In August 2022, the Debtors reached an agreement in principle with a Multi-State Executive Committee comprising the states of Maine, Massachusetts, New Hampshire, Pennsylvania, Tennessee, Vermont and Virginia (the "State AG Committee") regarding a set of

---

[4] *Declaration of Mark Bradley in Support of Chapter 11 Petitions and First Day Papers* [Docket No. 38] (the "First Day Declaration").

consensual injunctive terms that will govern the Debtors' opioid-related conduct during these Chapter 11 Cases (the "Voluntary Operating Injunction"), effectively addressing and prohibiting any allegedly harmful conduct by the Debtors of the type alleged in the Covered Actions.[5]  At least 36 states, as well as the Opioid Plaintiffs Executive Committee formed in connection with the nationwide opioid multi-district litigation proceedings (the "PEC"), have indicated their support for the entry of the Voluntary Operating Injunction against the Debtors for those purposes.

5.      The supporting governmental units also have agreed to voluntarily suspend the prosecution of their own Covered Actions against the Debtors.  However, there remain thousands of additional pending Covered Actions brought by cities, municipalities, and other state subdivisions that have not indicated their support.  Historically, at any given time, there have been dozens of Covered Actions actively being litigated against the Debtors.  Absent the requested injunction, the Debtors may be compelled to continue litigating the currently active actions.  For example, on September 1, 2022, the State of Oregon informed the Debtors that it was taking the position that its Covered Action is not subject to the automatic stay, and that it will promptly proceed with its own pending litigation against the Debtors without seeking any leave or guidance from this Court.  The Debtors also face the risk that additional pending actions may become active at any time.

6.      Now, the Debtors' leadership and key employees will be tasked with driving the Debtors to a value-maximizing sale process, managing the Debtors' post-petition day-to-day business operations and financial affairs, taking on the additional responsibilities of navigating a

---

[5]    The Debtors also have been supportive of the negotiations between the Ad Hoc First Lien Group, on the one hand, and the State AG Committee and the PEC, on the other hand, with respect to the potential establishment of a Voluntary Opioid Trust by the Stalking Horse Bidder (to be formed by the Ad Hoc First Lien Group), as reflected in the RSA and related term sheet, that may result in the provision of $550 million in value to opioid plaintiffs in exchange for the consensual release of their opioid-related claims, and also may resolve a number of complex issues in these Chapter 11 Cases.  [First Day Decl. ¶ 81.]  *See* Restructuring Support Agreement, Ex. E.

public company through the chapter 11 process, and continuing to progress their ongoing discussions with stakeholders in pursuit of an orderly resolution of the Chapter 11 Cases. If the sale process contemplated by the RSA is to be successful, it will happen only because the Debtors' leadership and key personnel are able to devote their substantial time, focus, and attention to that process rather than the continuing distraction of the Opioid Actions.

7.     The automatic stay of litigation provided by the Bankruptcy Code affords debtors the breathing spell necessary to preserve and maximize value through chapter 11 proceedings and centralizes disputes in the bankruptcy court. *See* 11 U.S.C. § 362(a); *see also Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 989 (2d Cir. 1990) (the automatic stay allows "the bankruptcy court to centralize all disputes concerning property of the debtor's estate in bankruptcy court so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas"). Certain of the Opioid Actions have been brought by individuals and other private plaintiffs. There is no doubt that those actions are subject to the automatic stay, and they therefore are not the subject of this Complaint.

8.     The vast majority of the Opioid Actions, however (more than 80%), have been brought by the Governmental Defendants. These are the Covered Actions subject to this Complaint. The Governmental Defendants may assert that the Covered Actions are excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4) (the "Police Powers Exception"). The Debtors dispute that contention, but do not have the resources, time, or practical ability to litigate the scope and application of the automatic stay on a case-by-case, claim-by-claim basis for hundreds (or thousands) of the Covered Actions. Accordingly, the Debtors seek to enjoin the Covered Actions for a period of 270 days pursuant to section 105(a) of the Bankruptcy Code to allow them the breathing spell the automatic stay contemplates.

54

9.      Absent the injunctive relief sought in this Complaint, the Debtors and their cases could be mired in intractable bankruptcy and non-bankruptcy litigation from the outset, with litigation costs potentially eroding the Debtors' estates while the Debtors' leadership and key personnel could be forced to devote their substantial time and focus to the Covered Actions rather than a restructuring that is designed to preserve and maximize value for stakeholders.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and Rule 7008 of the Bankruptcy Rules.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

11.      The Debtors confirm their consent to the entry of a final order by the Bankruptcy Court in connection with this Complaint to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## THE PARTIES[6]

12.      The Plaintiffs are the Debtors in the above-captioned Chapter 11 Cases.

13.      The defendants in this adversary proceeding are the Governmental Defendants defined above – *i.e.*, the governmental entities and units including but not limited to states, counties, cities, municipalities, public hospitals, school districts, and Native American tribes, that are plaintiffs in the underlying Covered Actions brought against the Debtors.  The

---

[6]      The Debtors reserve the right to amend or supplement this Complaint to add defendants, actions, or claims – whether currently pending or newly filed – as the Debtors deem necessary in connection with their Chapter 11 Cases.

Governmental Defendants are identified in the caption of this Complaint and are also identified on

Exhibit A to this Complaint (along with the Covered Actions subject to the requested injunction).

## **FACTUAL BACKGROUND**

14.     On August 16, 2022 (the "Petition Date"), the Debtors filed voluntary

petitions in this Court commencing the Chapter 11 Cases.  The Debtors continue to manage and

operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases.

## I.     The Debtors' Business

15.     The Debtors include leading pharmaceutical companies and manufacturers

of pharmaceutical products.  The Debtors have four principal operating segments: branded

pharmaceuticals, sterile injectables, generic pharmaceuticals, and international pharmaceuticals.

Additional information about the Debtors, including their business operations, their corporate and

capital structure, and the events leading to the commencement of the Chapter 11 Cases, is set forth

in the First Day Declaration filed on the main docket for the Chapter 11 Cases.  The First Day

Declaration is incorporated herein by reference.

## II.    The Opioid Actions

16.     In 2006, after obtaining approval from the Food and Drug Administration

(the "FDA"), certain Debtors began selling the prescription opioid medications Opana®

(immediate release oxymorphone hydrocholoride) and Opana® ER (extended release

oxymorphone hydrocholoride) (Opana, together with Opana ER, the "Opana Medications").

Certain Debtors also manufacture and/or sell certain other branded and generic opioid medications.

17.     Since 2014, numerous governmental and private parties in the U.S.,

including states, counties, cities, towns, municipalities, public hospitals, school districts, Native

American tribes, third-party payers, health systems, unions, individuals, and other plaintiffs have

filed multiple thousands of lawsuits against certain of the Debtors,[7] seeking to hold them liable in connection with claims and causes of action principally arising out of or related to their alleged historical marketing and/or distribution practices relating to prescription opioid medications, including but not limited to the Opana Medications. Although certain of these lawsuits have been voluntarily dismissed or otherwise resolved as to the Debtors, more than 3,100 suits remained pending against one or more Debtors as of the Petition Date.[8] Historically, at any given time, there have been dozens of Covered Actions actively being litigated against the Debtors.

18.     The majority of the Covered Actions (approximately 2,200) have been coordinated in an ongoing multidistrict litigation, *In re National Prescription Opiate Litigation*, No. 1:17-md-02804 (N.D. Ohio filed Dec. 12, 2017) (the "Opioid MDL"). Approximately 360 of the Covered Actions are not part of the Opioid MDL, and they are pending in other federal and state courts across the country. The Covered Actions are in various stages of motion practice, discovery, and trial preparation, and at any given time there may be dozens of Covered Actions actively being litigated against the Debtors.

19.     The Covered Actions are generally premised on allegations that the defendant Debtors, among others, made misrepresentations and/or omissions in connection with

---

[7]   The Debtor-defendants named in the U.S. Opioid Actions include Endo International plc; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc.; Endo Generics Holdings, Inc.; Vintage Pharmaceuticals, LLC; Generics Bidco I, LLC; DAVA Pharmaceuticals, LLC; and Par Sterile Products, LLC.

[8]   There are also approximately eight opioid-related actions pending against certain Debtors in Canada (the "Canadian Actions"). The Canadian Actions are brought by both governmental and private parties, and raise similar allegations and causes of action as the Opioid Actions pending in the United States. Debtor Paladin Labs Inc., on its own behalf and as foreign representative of Debtor Paladin Labs Canadian Holding Inc. (collectively, the "Canadian Debtors"), obtained recognition in Canada of the Canadian Debtors' chapter 11 cases pursuant to an Initial Recognition Order of the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court") dated August 19, 2022. The Canadian Court also granted a Supplemental Order dated August 19, 2022 that includes a stay of the Canadian Actions against the Canadian Debtors and the other Debtors that are defendants in the Canadian Actions. Accordingly, the Debtors do not currently seek an injunction regarding the Canadian Actions.

their sale and/or marketing of prescription opioid medications, and/or failed to take adequate steps

to identify and report suspicious orders and to otherwise prevent abuse and diversion.  The various

claims asserted in the Covered Actions include, without limitation, statutory and/or common law

claims for public nuisance, alleged violations of consumer protection or unfair trade practices laws,

racketeering, fraud and negligence, among other claims.

20.     The Governmental Defendants generally seek various monetary remedies

including, without limitation, compensatory, punitive and/or treble damages, abatement,

restitution, disgorgement, civil penalties, attorneys' fees, costs and other relief.  While certain of

the Governmental Defendants also seek some form of injunctive relief, those requests are generally

ancillary to the monetary claims and are based substantially upon allegations of historical (*i.e.*, not

current or ongoing) alleged misconduct.

21.     In 2016, the Debtors voluntarily ceased promoting the Opana Medications

and all other opioid products to healthcare providers in the U.S.; eliminated their entire U.S. pain

salesforce; and discontinued the research and development of new opioid products.  In 2017, at

the request of the FDA, the Debtors voluntarily removed Opana® ER from the market.  The

Debtors have not sold Opana® ER since August 2017 and have not sold any Opana Medications

since June 2019.

22.     Shortly before the Petition Date, Debtors reached an agreement in principle

with the State AG Committee[9] regarding the terms of the Voluntary Operating Injunction,

---

[9]     The State AG Committee currently is comprised of seven states (Maine, Massachusetts, New Hampshire, Pennsylvania, Tennessee, Vermont, and Virginia) that act as a steering committee and evaluate, in the first instance, strategic options and implement strategies in connection with opioid-related claims against the Debtors for certain state Attorneys General that have not otherwise resolved their state's claims against the Debtors as of the commencement of the Chapter 11 Cases (collectively with the members of the State AG Committee, the "Non-Settling States").  The name and address of each of the Non-Settling States is set forth in the *Verified Statement of the Multi-State Endo Executive Committee Pursuant to Bankruptcy Rule 2019* [Dkt. No. 125] and the
*(cont'd)*

effectively addressing and prohibiting any allegedly harmful conduct by the Debtors of the type alleged in the Covered Actions.  At least 36 states,[10] as well as the PEC, have indicated their support for the entry of the Voluntary Operating Injunction against the Debtors for those purposes. The Debtors, in motion papers filed contemporaneously with this Complaint, will seek the simultaneous entry by the Court of (i) the Voluntary Operating Injunction against the Debtors and (ii) a preliminary injunction against the non-consenting Governmental Defendants, enjoining the prosecution of their Covered Actions.

23.    The Debtors also have been supportive of the negotiations between the Ad Hoc First Lien Group, on the one hand, and the State AG Committee and the PEC, on the other hand, with respect to the potential establishment of a Voluntary Opioid Trust by the Stalking Horse Bidder (to be formed by the Ad Hoc First Lien Group), as reflected in the RSA and related term sheet, that may result in the provision of $550 million in value to opioid plaintiffs in exchange for the consensual release of their opioid-related claims, and also may resolve a number of complex issues in these Chapter 11 Cases.  [First Day Decl. ¶ 81.]  *See* Restructuring Support Agreement, Ex. E.

---

*Amendment To Verified Statement Of The Multi-State Endo Executive Committee Pursuant To Bankruptcy Rule 2019* [Dkt. No. 141].

[10]    The Debtors understand that the State AG Committee initially solicited support for the Voluntary Operating Injunction from 40 states (and have obtained support from at least 36 states) that had not previously reached their own prepetition settlements with the Debtors.  Those prepetition settlements are at various stages of performance and completion.  Certain of the settlements are fully performed, with settlement payments made prior to these Chapter 11 Cases.  Certain of the settlements are not yet fully performed, and settlement payments were not made prior to the commencement of these Chapter 11 Cases.  Accordingly, the mere fact that certain of the Governmental Defendants entered into their own separate settlements with the Debtors before the commencement of these Chapter 11 Cases does not mean that those Governmental Defendants will support the Voluntary Operating Injunction or the preliminary injunctive relief sought by the Debtors to enjoin the Covered Actions.

24.     In the eight years since the first opioid suit was filed against any of the Debtors: no verdicts have been rendered against any Debtor on the merits;[11] there have been around a dozen settlements that did not include any admission of wrongdoing, fault or liability of any kind; and the one case that did reach judgment on the merits was decided in the Debtors' favor on all counts, including on claims of public nuisance, unfair competition, and false advertising.  *See People of California v. Purdue Pharma L.P., et al.*, Case No. 30-2014-00725287-CU-BT-CXC (Nov. 1, 2021).

## III.     Impact Of Opioid Actions On The Debtors' Estates And Resources

25.     The Debtors' direct and indirect costs associated with litigating and resolving the Opioid Actions are immense.  To date, the Debtors estimate they have incurred expenses of more than $340 million in defending against the Opioid Actions and made payments of approximately $242 million in connection with seven opioid-related settlements.[12]

26.     In 2021, the Debtors incurred expenses of more than $136 million in connection with opioid-related legal matters.  This is in addition to incurred expenses of approximately $67.8 million in 2020 and approximately $65.3 million in 2019 in connection with such matters.  In the three months ended March 31, 2022, the Debtors incurred expenses of $32.7

---

[11]   In *Staubus v. Purdue Pharma, L.P.*, No. C-41916, slip op. (Tenn. Cir. Ct. Apr. 6, 2021), a Tennessee trial court entered a default judgment in the plaintiffs' favor on liability against Debtors Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. as a sanction for alleged discovery-related violations.  *See id.* at 27-28.  On August 4, 2021, the Endo defendants entered into a settlement agreement resolving all opioid-related claims that were or could have been asserted by the *Staubus* plaintiffs, whether in the *Staubus* litigation or elsewhere.  The settlement did not include any admission of wrongdoing, fault or liability of any kind.  In February 2022, the court in *Dunaway, et al. v. Purdue Pharma, L.P., et al.* (now known as *Bedford County, et al. v. AmerisourceBergen Drug Corp., et al.*), a case pending in the Circuit Court for Cumberland County, Tennessee, entered an order imposing certain sanctions, including a default judgment on liability, against Endo Pharmaceuticals Inc. and Endo Health Solutions Inc. based on the same alleged discovery improprieties implicated in the *Staubus* case.  In April 2022, the Tennessee Court of Appeals reversed the trial court's order denying disqualification of the trial court judge, vacated the sanctions order, and remanded the case for reassignment to a different judge.

[12]   In addition to the settlements described above, prior to the Petition Date the Company entered into five additional settlement agreements that have not been paid; collectively, these agreements provide for settlement payments totaling $77.5 million.

million in connection with such matters.  During the period from 2019-2021, the Debtors estimate that more than 70% of their opioid-related incurred legal expenses were attributable to litigation commenced by governmental entities.

27.     The Debtors' prepetition forecasts for the third and fourth quarters of 2022 included projected legal expenses of approximately $29 million and $30 million, respectively, for all opioid-related legal matters.  Assuming the share of the Debtors' opioid-related legal expenses associated with the governmental actions remains consistent with recent historical trends – and depending upon which Governmental Defendants seek to continue the prosecution of their own actions – the costs to the Debtors of litigating the Covered Actions in the absence of an injunction could be a significant drain on the Debtors' estates.

28.     Moreover, in addition to the impact on the Debtors' legal and financial resources, in recent years the Opioid Actions have impacted nearly every aspect of the Debtors' business and operations, and have placed significant burdens upon the Debtors' leadership and key employees, diverting their time and focus away from day-to-day operations, their core responsibilities, and strategic initiatives.

29.     For example, over the last year, the Debtors estimate that Blaise Coleman, Chief Executive Officer, Mark Bradley, Chief Financial Officer, and Matthew Maletta, Chief Legal Officer, have each spent, on average, nearly an entire working day per week addressing issues arising from the ongoing litigation of the Opioid Actions.

30.     The Debtors also have suffered significant diversion of personnel and resources in connection with defending against or otherwise addressing the Opioid Actions.  In addition to the commitment of time and focus from the Debtors' board of directors, leadership,

and key personnel, that effort requires numerous of sets of lawyers, experts, and other professionals who must work with and take direction from the Debtors.

31.     For instance, over approximately the last six months, the Debtors' counsel have prepared for and taken or defended dozens of depositions (including multiple depositions of the Debtors' current or former employees) and worked with multiple experts in connection with their reports and testimony.  The Debtors have  argued and briefed several dozen motions including dispositive motions to dismiss and for summary judgment, discovery-related motions, expert-related motions and a variety of other motions related to the inevitable disputes that arise in any high-stakes litigation.  Over that same time period, the Debtors have produced hundreds of thousands of documents from dozens of custodians in actions where discovery already was ongoing and in actions where the discovery process has recently started; and the Debtors have drafted and responded to numerous sets of written discovery addressing hundreds of individual requests.  To date, the Debtors have produced more than 6.5 million documents in the Opioid MDL totaling more than 26 million pages of material.

32.     In addition to the Debtors' counsel, members of the Debtors' leadership team and key employees have been required to commit their time and focus to review, comment upon, and collaborate with the litigation counsel on all of these matters.  Further, the time and attention of the Debtors' board of directors and leadership team has been diverted to evaluating high-level strategic alternatives and defense strategies, engaging in settlement discussions, and considering potential broad-based resolutions for the Opioid Actions.  As a result, the Opioid Actions have contributed to the increasing frequency of Board-level meetings as well as informal updates at all levels of the company.

33.    Moreover, several recent developments ensure that the Debtors could continue to expend substantial resources litigating the Covered Actions absent an injunction. These include: (i) major settlements recently achieved by other co-defendants in the Opioid Actions which have shifted and would continue to shift even more of the legal work and expense onto the remaining defendants; (ii) a recent Sixth Circuit decision which has resulted in, and is likely to continue to result in, the remand of multiple Covered Actions from the Opioid MDL back to their originating courts (*see In re: Harris County, Tex., et al., Petitioners*, No. 21-3637 (6th Cir. Mar. 11, 2022)); and (iii) a ruling by the Judicial Panel on Multidistrict Litigation that new opioid cases filed in or removed to federal court will no longer be transferred to the Opioid MDL (*See In re Nat'l Prescription Opiate Litig.*, 3:21-cv-00246 (J.P.M.L. Apr. 8, 2022)).  Historically, at any given time, there have been dozens of Covered Actions actively being litigated against the Debtors. Absent the requested injunction, the Debtors may be compelled to continue litigating the currently active actions.  The Debtors also face the risk that additional pending actions may become active at any time.

### NEED AND SUPPORT FOR THE REQUESTED RELIEF

34.    Section 105(a) of the Bankruptcy Code authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]."  11 U.S.C. § 105(a).  The Second Circuit has not explicitly established the standard for reviewing a preliminary injunction issued under Section 105 of the Bankruptcy Code.

35.    Some courts evaluating a preliminary injunction under Section 105(a) in the context of bankruptcy proceedings have utilized a modified version of the traditional Rule 65 four-factor test for obtaining injunctive relief:  (1) whether there is a reasonable likelihood of successful reorganization; (2) whether there would be imminent harm to the estate and the bankruptcy process in the absence of an injunction; (3) whether the balance of harms weighs in favor of the injunction;

and (4) whether the public interest weighs in favor of the injunction.  Other courts evaluating a preliminary injunction in the context of bankruptcy proceedings recognize that because injunctions under Section 105(a) are authorized by statute, they need not comply with traditional requirements of Rule 65.  Thus, the court also may enjoin proceedings in other courts where it is satisfied that those proceedings would defeat or impair its jurisdiction with respect to the case before it, including if the proceedings would interfere with, impede, or threaten the bankruptcy case.  Here, under either standard, the requested injunction is appropriate.

## I.      There Is A Reasonable Likelihood Of A Successful Reorganization

36.     After months of negotiations with stakeholders, the Debtors entered these Chapter 11 Cases with a binding RSA that provides the opportunity to reorganize through a value-maximizing and court-supervised sale process that the Debtors commenced prepetition, and also provides for the Debtors' consensual use of hundreds of millions of dollars of cash collateral to fund their ongoing operations during the Chapter 11 Cases.

37.     A critical element of the stalking horse bid proposed in connection with the RSA is the establishment of substantial post-sale wind-down funding of more than $120 million. With the benefit of the requested injunction and post-sale funding, during and after the sale process the Debtors will have the ability to expand their ongoing negotiations with stakeholders in pursuit of an orderly resolution of these Chapter 11 Cases.  The funding also ensures that the Debtors will retain the ability to litigate or otherwise resolve issues, as necessary, to drive constituencies toward consensus and resolution of the Chapter 11 Cases.

38.     The Debtors also will seek appointment of a Future Claims Representative to represent future unknown claimants during negotiations with the Debtors and other stakeholders in the Chapter 11 Cases.

39.     The Chapter 11 Cases provide a centralized forum and collective action process well-situated to address the thousands of actions implicated by this Complaint.  The entry of an injunction providing a uniform stay of litigation would place all creditors on a level playing field and promote negotiation and collective resolution.

40.     The Debtors believe a successful sale and reorganization can be achieved if they are able to devote their resources to executing upon the RSA and continuing their ongoing discussions with stakeholders in furtherance of an orderly resolution of the Chapter 11 Cases.

## II.     Absent An Injunction, The Debtors And The Bankruptcy Process Will Suffer Irreparable Harm And The Court's Jurisdiction Will Be Impaired

41.     In the absence of an injunction, the Debtors, their estates, and their reorganization efforts will be irreparably harmed and the Court's jurisdiction will be impaired. The Debtors could be drawn immediately into expensive and time-consuming litigation within the Chapter 11 Cases to decide, on a case-by-case basis, the applicability of the automatic stay and they would face the prospect of the Covered Actions around the country continuing unimpeded. Untold millions of the estates' liquidity could be irretrievably squandered rather than being preserved for the Debtors' stakeholders or utilized to advance the Debtors' restructuring efforts. Additionally, discovery and litigation could again become a predominant focus – pulling critical resources and institutional knowledge away from the Debtors' Chapter 11 Cases and restructuring process when it is most needed.

42.     During the Chapter 11 Cases, the Debtors' leadership and key employees will be tasked with driving the Debtors to a value-maximizing sale process, managing the Debtors' post-petition day-to-day business operations and financial affairs, taking on the additional responsibilities of navigating a public company through the chapter 11 process, and continuing to progress their ongoing discussions with stakeholders in furtherance of an orderly resolution of

these Chapter 11 Cases.  If the sale process contemplated by the RSA is to be successful, it will happen only because the Debtors' leadership and key personnel are able to devote their substantial time, focus, and attention to that process rather than the distraction of the Covered Actions.

43.     If even one of the Governmental Defendants were allowed to continue prosecuting its Covered Action, then others would likely feel compelled to press forward with their own actions rather than be left behind.  Piecemeal liquidation of the claims in non-bankruptcy forums could take years, would frustrate the collective negotiation and resolution process provided by the bankruptcy forum, and could jeopardize the Debtors' viable path out of these Chapter 11 Cases.

## III.     The Balance Of Harms Weighs In Favor Of An Injunction

44.     The balance of harms weighs in favor of an injunction.  The injunction will ensure a uniform stay of litigation placing all creditors on the same footing, and avoiding the piecemeal prosecution of the Covered Actions nationwide.  Even if the plaintiffs in the Covered Actions were able to reduce their monetary claims to judgments, those judgments could not be enforced against the Debtors other than through the bankruptcy claims process.

45.     Further, to the extent any Covered Actions implicate alleged enforcement or other non-monetary concerns, that relief is generally ancillary to monetary claims and is based substantially upon allegations of historical (*i.e.*, not current or ongoing) alleged misconduct.  Before commencing their Chapter 11 Cases, the Debtors already had voluntarily ceased promoting opioid medications to healthcare providers in the U.S.; ceased all sales of the Opana Medications; eliminated their U.S. pain medication salesforce; and discontinued the research and development of new opioid products.

46.     Critically, the Debtors and the State AG Committee have agreed to the terms of a Voluntary Operating Injunction that will govern the opioid-related conduct of the Debtors

during these Chapter 11 Cases, effectively addressing and prohibiting any allegedly harmful conduct by the Debtors of the type asserted in the Covered Actions.

47.    Notably, the Debtors do not seek to enjoin the Governmental Defendants' claims against non-debtor third parties. The relief sought will simply ensure the Debtors a uniform stay of litigation. The Governmental Defendants will not be irreparably harmed if this Court grants the requested 270-day injunction.

## IV.    Public Interest Weighs In Favor Of An Injunction

48.    The Debtors entered these Chapter 11 Cases with an RSA and framework in place to preserve the value of their estates, to provide funding for these Chapter 11 Cases and the Debtors' ongoing operations, and to provide creditors with a transparent restructuring process. Additionally, the Debtors have been supportive of the potential establishment of a Voluntary Opioid Trust. The public interest weighs in favor of an injunction that will allow the Debtors to maximize value in the sale process contemplated by the RSA and to continue the active ongoing discussions between and among the Debtors and their stakeholders toward an orderly resolution of the Chapter 11 Cases.

49.    On the other hand, the continued prosecution of the Covered Actions could drain the Debtors' estates, impede the Debtors' ability to maximize value for stakeholders, and sabotage the collective forum provided by the bankruptcy court. This would not serve the public interest or the interests of the Debtors' stakeholders.

50.    For these reasons, the public interest weighs in favor of the requested injunctive relief.

## CLAIMS FOR RELIEF

## COUNT ONE

### (Injunction Staying the Covered Actions Pursuant to Sections 105(a) and 362 of the Bankruptcy Code)

51.     The Debtors repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

52.     A Bankruptcy Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

53.     A Bankruptcy Court may, in its discretion, issue injunctive relief under section 105 of the Bankruptcy Code in order to restrain activities that threaten the reorganization or restructuring process or impair the court's jurisdiction with respect to the case before it.

54.     There is a reasonable likelihood of a successful reorganization and restructuring process.  The Debtors are substantially more likely to reorganize with the requested injunction in place.

55.     Absent the requested injunction, the continued prosecution of the Covered Actions will cause the Debtors and their reorganization efforts to suffer immediate, irreparable harm.

56.     The balance of hardships weighs in favor an injunction, as the irreparable harm to the Debtors, their estates, and the restructuring process that would result from the denial of an injunction outweighs any potential harm to the Governmental Defendants attributable to a modest delay in the prosecution of the Covered Actions.

57.     The requested injunctive relief will serve the public interest by allowing this Court to retain its exclusive jurisdiction over the Chapter 11 Cases and the Debtors' estates, by

providing creditors with a transparent restructuring process, and by promoting a value-maximizing sale and reorganization process for stakeholders.

58.    Absent the requested injunction, the continued prosecution of the Covered Actions would impair this Court's jurisdiction with respect to these Chapter 11 Cases.

59.    Injunctive relief pursuant to section 105 of the Bankruptcy Code enjoining the Covered Actions against the Debtors for a period of 270 days is necessary and appropriate under the present circumstances.

60.    No prior application for the relief requested herein has been made to this Court or any other court.

## PRAYER FOR RELIEF

**WHEREFORE**, the Debtors respectfully request that this Court enter judgment in their favor and request relief as follows:

(a)    enjoin the Governmental Defendants from the commencement or continuation of their active judicial, administrative, or other actions or proceedings against the Debtors that were or could have been commenced before the commencement of these Chapter 11 Cases, which are identified in Exhibit A to this Complaint, as well as the commencement or continuation of any other actions against the Debtors alleging substantially similar facts or causes of action as those alleged in the Covered Actions, if not otherwise subject to the automatic stay imposed by section 362 of the Bankruptcy Code, for a period of 270 days from the issuance of the injunction; and

(b)    all such other relief as the Court finds just and equitable.

Dated: September 9, 2022
      New York, New York      SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:   */s/ Abigail E. Davis*
      Paul D. Leake
      Abigail E. Davis
      One Manhattan West
      New York, New York 10001
      Telephone: (212) 735-3000
      Fax: (212) 735-2000

      -and-

      Jason M. Liberi (admitted *pro hac vice*)
      One Rodney Square
      920 N. King Street
      Wilmington, Delaware 19801
      Telephone: (302) 651-3000
      Fax: (302) 651-3001

      *Proposed Counsel for the Debtors*
      *and Debtors in Possession*